Mary  Philpott,  now  Mary  Buck, *v.* The  Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Stop, look and listen—Grade crossing—Obstruction of view.*

When the facts are admitted or so clearly and conclusively proved as to admit of no reasonable doubt, it is the duty of the court to declare the law applicable to them ; but, when material facts are disputed or inferences of fact are to be drawn from the testimony, it is the exclusive province of the jury to determine what they are..   The line of demarcation, in that respect, between the duty of the court and that of the jury should be carefully guarded.   While on the one hand the court should never permit the jury to disregard or evade its instructions as to matters of law, it should be equally careful not to invade the province of the jury and take upon itself the determination of facts about which there is any dispute.

In an action to recover damages for the death of plaintiff's husband at a grade crossing, it appeared that there were four tracks at the crossing. As the deceased approached the railroad a freight train consisting of about sixty cars was approaching from the north on the third track from him. He attempted to cross and had cleared the third track and was on the fourth when he was struck by an engine from the north going at a high rate of speed which was obscured from view by the freight train.   The track was

straight for nearly a mile in the direction from which the freight train came There was conflicting evidence as to the distance of the freight train from the crossing at the time the deceased started to cross. The evidence was also conflicting as to whether the engine which struck the deceased gave a signal. The evidence for the plaintiff tended to show that the deceased stopped, looked and listened at a place a few feet from the first track. The speed of the freight train seems to have been about fifteen miles an hour, while that of the engine which struck the deceased was variously estimated at from forty to sixty miles an hour. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued April 7, 1896. Appeal, No. 161, Jan. T., 1896, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1893, No. 380, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before SULZBERGER, J.

At the trial it appeared that on December 2, 1893, plaintiff's husband, Sidney John Philpott, was killed at the crossing of Cottman street, or Township Line road, and the defendant's railroad, near Tacony. At the place of the accident there were four tracks, the two innermost being used for freight, and the outside ones for passenger trains. The deceased and a man named Kerr approached the crossing when a freight train consisting of about sixty freight cars was coming from the north on the third track. They cleared the third track, and when the deceased was upon the fourth track he was struck by a light engine coming from the north, and instantly killed. The track for a mile to the north of the crossing was almost straight. The speed of the freight train seems to have been about fifteen miles an hour, and that of the light engine from forty to sixty miles. There was conflicting evidence as to the distance of the freight train from the crossing at the time the deceased and his companion started to cross the track, the distance varying in the evidence from one hundred feet to two hundred yards. The evidence was also conflicting as to whether or not the light engine upon the fourth track had sounded its whistle or rung its bell. The evidence for the plaintiff tended to show that the deceased stopped, looked and listened at a place a few feet from the first track. The deceased was forty

years of age, and a file cutter by trade. The accident occurred about 2:30 P. M.

Defendant's points were among others as follows:

1. The evidence shows that the deceased attempted to cross the railroad in front of a long train of cars whose approach on track No. 3 was plainly visible, and which train, although moving slowly, was nearing the crossing when the deceased started to go over. It was the duty of the deceased, under such circumstances, to wait until the train on No. 3 track passed by. Its approach necessarily hid a portion of track No. 4, and the noise made by it was calculated to drown the noise of any locomotive or train approaching on said track No. 4 and to prevent signals of such train from being heard. To cross the tracks under such circumstances was negligence on the part of the deceased. *Answer:* The facts as arrayed here are for the consideration of the jury. They are very forcibly arrayed, and they ought to have great weight in your minds, but nevertheless I will not say to you as a matter of law under the circumstances of this case that the decedent was bound to wait until the train on No. 3 track, which has been called the freight train, had passed by. Nor will I say to you as a positive matter of law that crossing the track by the decedent under the circumstances was negligent, but I say to you that, bearing in mind the circumstances stated in the point, and giving them all the effect possible, it is for you to determine whether under those circumstances an ordinarily prudent man ought to have gone across. If he ought not to have gone across on consideration of these circumstances narrated in this point, and the circumstances in the case generally, then your verdict must be for the defendant. If you think, however, that an ordinarily prudent man ought to have gone across, then your verdict may be for the plaintiff. [2]

2. If the jury believe that the deceased, by waiting until the train on No. 3 track had got over the crossing, could have commanded a better view of track No. 4, and could have had a better opportunity of hearing the approach of a locomotive or train on the track last mentioned than he could have commanded or had while the train on track No. 3 was drawing near, then they must find for the defendant; because it is the duty of a person who is about to cross a railroad when an uninterrupted view of the track is wholly or partially prevented by the existence of an

obstruction which is being removed, to wait until that obstruction is removed and the view thus becomes uninterrupted; and if the facts are found as stated in the first portion of this point, then the deceased did not perform his duty, and he was guilty of such contributory negligence as will preclude a recovery by the plaintiff. *Answer:* I again say to you that these considerations of fact, if you should find them so, are all of the very greatest importance in determining the responsibility of the decedent at that time and place, but I will not charge you as a matter of law that the thing is concluded. It is for you to determine under all the facts whether, by admitting the facts as narrated in the point, the decedent was justified at that time and place and under those circumstances, as an ordinarily prudent man, in going across. If he was, the plaintiff is entitled to a verdict. If he was not, the defendant is entitled to a verdict. [3]

3. It appears from the record that the plaintiff, Mary Buck, married after the bringing of this suit, and that her second husband is still alive. The jury are entitled to take this circumstance into consideration by way of diminution of any damage which the plaintiff may have sustained by the death of her husband, Sydney John Philpott. *Answer:* The third point submitted by the defendant I decline. [4]

4. Under all the evidence in the case the verdict must be for the defendant. *Answer:* I also decline the fourth point submitted by the defendant. [5]

Verdict and judgment for the plaintiff for $7,000. Defendant appealed.

*Errors assigned*, among others, were (2–5), above instructions, quoting them.

*Geo. Tucker Bispham*, for appellant.—The deceased was guilty of negligence in attempting to cross the track before the obstacle in the shape of the freight train was removed: Carroll v. R. R., 12 W. N. C. 348; Myers v. R. R., 150 Pa. 386; Gangawer v. R. R., 168 Pa. 265; Kraus v. R. R., 139 Pa. 272; Omsler v. Traction Co., 168 Pa. 519; Beynon v. R. R., 168 Pa. 642; Aiken v. R. R., 130 Pa. 380; Lees v. R. R., 154 Pa. 46; Blight v. R. R., 143 Pa. 10; Bare v. R. R., 135 Pa. 95; Schmidt v.

P. &. R. R., 149 Pa. 357; Gray v. Penna. R. R., 37 W. N. C. 466; Davidson v. Lake Shore & Mich. South. Ry., 171 Pa. 522.

Where a man negligently places himself in a position of danger he is responsible for any injury that may result by reason thereof: Kelley v. R. R., 19 W. N. C. 400; Sheehan v. R. R., 166 Pa. 354; P. R. R. v. Mooney, 126 Pa. 244; P. R. R. v. Werner, 89 Pa. 59; Aiken v. P. R. R., 130 Pa. 380; Pollock on Torts, 575.

It is for the jury to say where is the best place at which to make the stop, in case there is a doubt as to where the proper place to stop, look and listen is: Newhard v. R. R., 153 Pa. 417; Whitman v. R. R., 156 Pa. 175; Smith v. R. R., 158 Pa. 82; Urias v. R. R., 152 Pa. 326.

The doctrine that great allowance is to be made in behalf of a railroad company at a crossing seems to have been extended somewhat in recent years: P. R. R. v. Goodman, 62 Pa. 329; Moore v. R. R., 108 Pa. 349.

*P. F. Rothermel, Jr.*, for appellee.—If on the evidence there is any doubt as to the plaintiff's negligence, the case must go to the jury: McNeil v. R. R., 131 Pa. 184; Ely v. R. R., 158 Pa. 236; Davidson v. Lake Shore & M. S. Ry., 171 Pa. 522; R. R. v. Heileman, 49 Pa. 60; R. R. v. Beale, 73 Pa 504.

Four cases have been decided in this state where the vision has been obscured by passing trains: They are R. R. v. Werner, 89 Pa. 59; R. R. v. Carr, 99 Pa. 505; Cleary v. R. R., 140 Pa. 19; Kraus v. R. R., 139 Pa. 272.

To hold it negligence per se to cross such a crossing while a train is in sight would be in effect to declare that a railroad may erect an impassable barrier through the city, or one on which, without the exercise of any care whatever, it may maim or kill without stint and without responsibility.

Per Curiam, May 25, 1896:

We find nothing in this record to justify a reversal of the judgment. The case appears to have been tried with marked ability and fairness. Plaintiff's right to recover depended on questions of fact which were clearly for the consideration of the jury; and they were accordingly submitted to them by the learned trial judge with full, clear and accurate instructions.

Beyond that he had no right to go.  If he had complied with defendant's fourth request for instructions, and charged that, " under all the evidence in the case the verdict must be for the defendant," it would have been manifest error.  As we had occasion to say in Railroad v. Werner, 89 Pa. 59 (a case in some of its features not unlike the one under consideration), " When the facts are admitted or so clearly and conclusively proved as to admit of no reasonable doubt, it is the duty of the court to declare the law applicable to them; but, when material facts are disputed or inferences of fact are to be drawn from the testimony, it is the exclusive province of the jury to determine what they are.  The line of demarcation, in that respect, between the duty of the court and that of the jury should be carefully guarded.  While, on the one hand, the court should never permit the jury to disregard or evade its instructions as to matters of law, it should be equally careful not to invade the province of the jury and take upon itself the determination of facts about which there is any dispute."  In this case, the learned trial judge acted strictly within the lines of his duty.

We find nothing in either of the specifications of error that requires special notice.  Neither of them is sustained.

Judgment affirmed.