# Aurelia E. Willis *v.* Second Avenue Traction Company, operating the Federal Street and Pleasant Valley Passenger Railway Company, Appellant.

*Negligence—Street railways—Damages—Charge of court.*

In an action against a street railway company to recover damages for personal injuries, where the plaintiff has not been guilty of contributory negligence, and the negligence of the defendant is undoubted, the Supreme Court will not reverse a judgment based upon a verdict moderate in amount, because the trial judge, after stating to the jury that plaintiff should be compensated for the time she had already lost by reason of the injury and her doctor's bill, further charged that the plaintiff " is entitled to such reasonable sum in addition to that, as you gentlemen think she ought to have, as a recompense to her, not a compensation, because you cannot compensate people for pain and suffering. No man would take the loss of an arm for any amount of money, but . . . . the law leaves it for you to judge . . . . what reasonable sum she ought to have."

An electric car, in which plaintiff was a passenger, had stopped at a railroad crossing while a train was passing. The controller was out of order, and was being examined by the inspector, when the car suddenly started forward, and struck the train. Plaintiff was injured in endeavoring to jump from the car. *Held,* (1) that the company was negligent; (2) that plaintiff was not negligent.

A person who, as a result of an injury, is compelled to employ a servant to do her household work is entitled to damages for the expense of keeping such servant.

Argued Nov. 8, 1898. Appeal, No. 150, Oct. T., 1898, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1897, No. 52, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before COLLIER, J.

At the trial it appeared that on April 8, 1897, defendant's car had been stopped in front of the lowered safety gates at a railroad crossing at a time when a train was passing. Suddenly, and without any apparent cause, the electrical current came on, the car plunged through the safety gate and collided with the rear car of the railroad train. Plaintiff was injured, both internally and externally while attempting to jump from the car, and the testimony tended to show that her injuries were permanent.

The court charged on the question of damages as follows:

She has proved, in the first place, that she was injured, and by reason of that injury, whether it was internal or external, she was confined to her bed and home, and that she was deprived of her business and work. She gave music lessons and did sewing on a sewing machine. [She claims that between four and four and a half months she could not do anything, and that she was making from $50.00 to $60.00 a month; that was her income. If you believe that by reason of this injury she was confined that long to her room and could not make anything, she would be entitled to that much anyhow.] [5] That would be the first item; $50.00 is the lowest and $60.00 is the highest she puts, whichever you choose you would allow her that for four and a half months. She is also entitled to the doctor's bill, which she has paid or is to pay. It is not necessary for her to have paid it, but it is necessary that she be liable for it, and there is no dispute about that. I believe that amount is $118. [Then, she says when she got a little better and could work about the house she had to employ some extra help; she says she could not make as much as before and she was compelled to employ help; whatever the help is for that time would also be allowed in money.] [2] [Then, in addition to that, gentlemen, she is entitled to such reasonable sum in addition to that as you gentlemen think she ought to have as a recompense to her, not a compensation, because you cannot compensate people for pain and suffering. No man would take the loss of a limb for any amount of money, but in this world of ours where we conduct our human affairs on business principles, you give—and the law leaves it to you to judge under all the circumstances—what reasonable sum you think she ought to have as a recompense for the pain and suffering she had occasioned by this accident; and that you add to the money that you have already given her.] [6] And now, gentlemen, you come to the one last matter, which seems to be the principal dispute in this case, and that is this: It is alleged in addition to the pain and suffering that she suffered by reason of this accident that she has been permanently injured, that is, injured for life. That is the question that has been seriously contested here. Now, the plaintiff—just like any other business matter—must satisfy you by the weight of

the evidence in the case that she is permanently injured by reason of this accident, that is, injured for life by this accident. She must satisfy you of this because this is a business matter, and it is a matter of money against a citizen for negligence, and it is purely for money and not for sentiment or anything of that kind; it is purely a matter of business, and she must satisfy you that she has been permanently injured. You will take all the testimony of the physicians, and if by that she has not satisfied you that she is permanently injured, she cannot have any additional damages, and you will not allow it. But if you think the weight of the evidence—after hearing all the evidence and the arguments of both counsel, is such as to satisfy you that she is permanently injured, she should recover. The counsel on both sides are officers of the court, and argue their cases in order to help you to arrive at a conclusion, and not to excite your passions or make you do things you ought not to do. I merely make that remark to explain to you the province of counsel. It is alleged on one side, both by medical testimony and others, that she is permanently injured by reason of this accident, while on the other hand there is testimony of physicians that she is not permanently injured, and whatever injury there is, if there is any, occurred six or seven years ago, and not from this accident at all. You weigh the evidence, and if she has not satisfied you from the weight of evidence that she was permanently injured by reason of this accident, you go no further than the items I have already given you, the money she has lost, the money she has paid for extra help, the physician's bill, and a reasonable sum to recompense her for her pain and suffering. But if you think she is permanently injured by reason of this accident, and that that injury will last her for life, and that her earning power is decreased by reason of that, that is, if she cannot make as much on that account as before, then, whatever you think her earning power for the balance of her life, that is, her reasonable expectation of life— she might die next week and she might live ten, fifteen or twenty years—there is no evidence on the expectation of life, but you are under the testimony to judge of that, and [whatever you think her earning power is reduced by reason of the permanent injury occasioned by this accident, you add that to the other items I have given, and the sum whatever it may be would be your verdict.] [7]

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Errors assigned* among others were (2, 5, 6, 7) above instructions, quoting them.

*W. P. Potter*, with him *Wm. A. Stone*, for appellant.—The language of the court in that portion of the charge which is the basis of the sixth assignment of error is open to the same criticism as was applied by this Court in the case of Baker v. Pennsylvania Company, 142 Pa. 503.

And again in the case of Kehler v. Schwenk, 144 Pa. 348, this Court, speaking through Mr. Justice MITCHELL, criticised a similar instruction to the jury, as being improper and undesirable. See also Dooner v. Canal Co., 164 Pa. 17.

*James S. Young*, with him *S. U. Trent*, for appellee, cited Goodhart v. R. R., 177 Pa. 15.

PER CURIAM, January 3, 1899:

There was no doubt as to the negligence of the defendant company, and it was not practicable to attribute contributory negligence to the plaintiff. There was nothing left but to determine the amount of the damages to which the plaintiff was entitled. Of course this was exclusively for the jury. The amount of the verdict does not seem to be excessive, and upon another trial it might be much exceeded. While there may be some warrant for complaint against the charge on the subject of damages, we cannot say that it was positively erroneous. The one expression seriously complained of had better have been omitted, but it was immediately followed by an instruction that it was for the jury to fix some value for the pain and suffering.

The assignments of error are not sustained.

Judgment affirmed.