# Fitzgerald, Appellant, v. Edison Electric Illuminating Company.

*Negligence—Electric light companies—Duty as to wires—Oversight and repair.*

Wires charged with an electric current may be harmless, or they may be in the highest degree dangerous. The difference in this respect is not apparent to ordinary observation, and the public, therefore, while presumed to know that danger may be present, are not bound to know its degree in any particular case. The company however which uses such a dangerous agent is bound not only to know the extent of the danger, but to use the very highest degree of care practicable to avoid injury to every one who may be lawfully in proximity to its wires and liable to come accidentally or otherwise in contact with them. The duty is not only to make the wire safe by proper insulation, but to keep it so by constant oversight and repair.

*Negligence—Electric light companies—Notice of defective insulation of wire.*

In an action against an electric light company to recover damages for a death caused by contact with a defectively insulated wire, the plaintiff is not bound to show direct and express notice of the defect, but may show that

it had existed for such a period that it ought to have been known to the company.

Where a painter goes upon a roof in the lawful exercise of his business, and finds that in order to get at a cornice to paint it he must prop up a number of electric wires which are in his way, and he does so by means of a board, and while under the wires at his work the board slips, and he is killed by a defectively insulated wire which comes in contact with him, and it appears that the insulation had been defective for several weeks, the question of the company's negligence is for the jury.   Smith v. East End Electric Light Co., 198 Pa. 19, distinguished.

In such a case it is not error to exclude testimony that the wires had been put on the roof without the consent or against the protest of the lessee or owner of the house.

Argued May 20, 1901. Appeal, No. 152, Jan. T., 1900, by plaintiff, from order of C. P. Lancaster Co., Nov. T., 1895, No. 33, refusing to take off nonsuit in case of Mary Bertha Fitzgerald v. The Edison Electric Illuminating Company. Before McCollum, C. J., Mitchell, Fell, Mestrezat and Potter, JJ. Reversed.

Trepass to recover damages for death of plaintiff's husband. Before Livingston, P. J.

At the trial it appeared that plaintiff's husband was killed on September 11, 1895, by coming in contact with a defectively insulated wire. The court entered a compulsory nonsuit which it subsequently refused to take off, Livingston, P. J., filing an opinion in which the following facts appeared:

William W. Fitzgerald, a house painter, having undertaken to paint a house, found no convenient way of getting up to the cornice from the ground, and determined to go to the roof, and from the roof reach downward over the cornice, and paint it. On reaching the roof he ascertained that electric wires of defendant crossed this cornice and a portion or corner of the roof of the building. The wires hung but about eight or ten inches above the roof and too close to permit work at the cornice. Mr. Fitzgerald then procured a board about eighteen or twenty inches in length, and less than a foot in width, and stood it on end under the wires. He did not fasten the board to the roof or cornice, merely stood it on end under the electric wire, thus raising the wire the length of the board higher than it was when he put the board under it. He then got down under the wire

and reached out with his hand, asked first for color, and then began to paint outside on the cornice. He worked a very short time, perhaps a minute or so, when the board fell, or was thrown down and the shock knocked him into the street and injured him so that he died. No one saw it fall or knows what caused it to fall. No one was there but the deceased and his partner, and there was nothing in the testimony to show that they or either of them had been on the roof of the building before while painting any portion of it, or that it was necessary for them to get on the roof to paint the cornice, or to do any of the painting they had engaged to do on that building.

*Errors assigned* were (1–4) rejection of various offers of evidence, tending to show that the wires which caused the accident had for weeks before been uninsulated and in a dangerous condition; (5) in refusing to allow plaintiff to prove that the wires had been placed on the roof against the objection and protest of the owner or lessee; (8) in refusing to take off nonsuit.

*W. F. Beyer* and *B. F. Eshleman*, for appellant.—In the management of dangerous agencies by which the lives of innocent persons are imperiled, a very high degree of responsibility is demanded by the general sense of justice. The simplest and best expression of the rule as to the degree of care required is that it should be proportioned to the danger. The use of a very dangerous current of electricity requires very great care and precautions against injuries from it: Cook v. Wilmington City Electric Co., 9 Houst. (Del.) 306; Ahern v. Oregon Telephone & Telegraph Co., 24 Oregon, 276; Denver Consolidated Electric Co. v. Simpson, 31 Lawyers' Rep. Ann. 566; Ennis v. Gray, 87 Hun, 355; Illingsworth v. Boston Electric Light Co., 161 Mass. 583; Clements v. Louisiana Electric Light Co., 44 La. Ann. 692; Griffin v. United Electric Light Co., 164 Mass. 492; Leavenworth Coal Co. v. Ratchford, 5 Kansas Ct. of Appeals, 150; Perham v. Portland General Electric Co., 40 L. R. A. 799; Giraudi v. Electric Imp. Co. of San Jose, 107 Cal. 120; McLaughlin v. Louisville Electric Light Co., 34 L. R. A. 812; Bourget v. Cambridge, 156 Mass. 391; Dillon v. Allegheny County Light Co., 179 Pa. 482; Mooney v. Luzerne Borough,

186 Pa. 161; Hector v. Boston Electric Light Co., 54 N. E. Repr. 539.

*W. U. Hensel*, with him *D. McMullen* and *H. M. North*, for appellee.—Defendant was not guilty of negligence: P. & R. R. R. Co. v. Hughes, 119 Pa. 301; Wharton on Negligence (2d ed.), secs. 208–243; Baker v. Allegheny Valley R. R. Co., 95 Pa. 211; Boro. of Easton v. Neff, 102 Pa. 474; Huey v. Gahlenbeck, 121 Pa. 238; Arzt v. Lit, 198 Pa. 519.

But conceding, for the sake of the argument only, that the company defendant was negligent in not maintaining insulation of the wire, the immediate cause of the accident was the carelessness of deceased: Smith v. East End Electric Light Company, 198 Pa. 19.

In the absence of any proof of negligence on part of defendant, the contributory negligence of plaintiff's decedent being shown, the plaintiff suffered no disadvantage from the exclusion of offers to prove danger: Ely v. Hager, 3 Pa. 154; Walthour v. Spangler, 31 Pa. 523; Galbraith v. Zimmerman, 100 Pa. 374; Ziegler & Co. v. Handrick, 106 Pa. 87.

OPINION BY MR. JUSTICE MITCHELL, October 11, 1901:

Wires charged with an electric current may be harmless, or they may be in the highest degree dangerous. The difference in this respect is not apparent to ordinary observation, and the public, therefore, while presumed to know that danger may be present, are not bound to know its degree in any particular case. The company, however, which uses such a dangerous agent is bound not only to know the extent of the danger, but to use the very highest degree of care practicable to avoid injury to every one who may be lawfully in proximity to its wires and liable to come accidentally or otherwise in contact with them. The defendant, in accord with the common practice of electric companies, recognized this obligation by insulating its dangerous wire.

But the duty is not only to make the wire safe by proper insulation, but to keep it so by constant oversight and repair. Appellant at the trial offered to show that this had not been done, that the insulation had been defective for several weeks as had been shown by the wire "spitting fire" when blown against

the corner of the roof. This testimony was excluded, and in that there was error. The case in this aspect is analogous to an action against a municipial corporation for injury from a defective highway. The plaintiff is not bound to show direct and express notice of the defect, but may show that it has existed for such a period that it ought to have been known to the authorities. And this raises a question for the jury. The excluded testimony in the present case was relevant and material on the question of the defendant's negligence in that respect and as such should have been admitted.

It was not error, however, to exclude the testimony that the wires had been put there without the consent or against the protest of the lessee or owner of the house. In an action by such lessee or owner for injury by fire or otherwise to the house, the trespass might be admissible, but in the present action it was irrelevant. The wire being there, the question as between the defendant and the plaintiff, was whether there was negligence in not keeping it in proper repair.

The nonsuit, however, seems to have been entered on the ground of contributory negligence of the decedent. He was lawfully upon the roof in the exercise of his business. It is said that there was no evidence that it was necessary for him to go on the roof to do the painting. No such evidence was required. His convenience was reason enough. It was convenient for him to get at the cornice in that way and he had a right to do so. He found the wires in his way, and proceeded to prop them up so that he could work under them. Whether the means he took were such as a prudent man should have taken is not so clear that it can be determined by the court. If the weight of the wire when it fell on him had been such as to knock him into the street, that would have been so clearly his own negligence that the court could have said so as matter of law. But though he was bound to know in general the dangerous nature of such wires, and to use proportionate care in interfering with them, he was also entitled to presume, from the general custom, that they were properly insulated, unless the defect in their covering was visible to such examination as he ought to have made. All these considerations entered into the question of his negligence, and made it one for the jury.

The case of Smith v. East End Electric Light Co., 198 Pa.

19, relied on by appellee differed entirely from the present in the absence of evidence of notice to the company of the defect. The testimony which should have been admitted here was sufficient to send that question to the jury.

Judgment reversed and procedendo awarded.