# Lehner *v.* Pittsburg Railways Company, Appellant.

*Negligence—Street railways—Runaway car—Passenger—Sudden emergency—Jumping from car.*

1. If a street railway car is running away rapidly down a dangerous grade, and a passenger has a well-grounded fear of imminent danger, he is justified in obeying the instinct of self-preservation, and in jumping from the car, if that seems to be the best method of escape.

*Negligence—Inference from fact—Measure of duty—Case for jury.*

2. Where there is a doubt as to the inference to be drawn from the facts, or where the measure of duty is ordinary and reasonable care, and the degree of care varies with the circumstances, the question of negligence is necessarily for the jury.

3. Where a jury has the fact of a rapidly moving runaway car, and a passenger seen at one instant pushing her way through the car and out upon the platform and the next instant found lying upon the street the inference may be drawn that she had fallen in an attempt to alight from the car.

Argued Oct. 27, 1908. Appeal, No. 69, Oct. T., 1908, by defendant, from judgment of C. P. No. 1, Allegheny ·Co., June T., 1903, No. 391, on verdict for plaintiff in case of Emma Lehner v. Pittsburg Railways Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BROWN, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $5,000.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Craig Smith,* with him *Clarence Burleigh, James C. Gray* and *William A. Challener,* for appellant, cited: Trout v. Turnpike Co., 216 Pa. 119; Green v. Ry. Co., 219 Pa. 241; R. R. Co. v. Schertle, 97 Pa. 450.

*J. L. Ritchey,* with him *David S. McCann,* for appellee, cited: Palmer v. Warren St. Ry. Co., 206 Pa. 574; Willis v. Traction Co., 189 Pa. 430; R. R. Co. v. Aspell, 23 Pa. 147; Penna. R. R. Co. v. Lyons, 129 Pa. 113.

OPINION BY MR. JUSTICE POTTER, January 4, 1909:

It appears from the evidence in this case that on the morning of November 6, 1902, the plaintiff was a passenger upon an electric car of the defendant company.   The route led up a long and rather steep and winding grade, and when near the top the car stalled and began to run backward.   The motorman was unable to stop the car, and opened the front door and the gate which permitted exit by the passengers down the steps from the front platform.   There was no sand in the boxes, and the conductor attempted to check the progress of the car by throwing pebbles under the wheels, but to no purpose. The car gained speed and rapidly approached a point where the tracks were closely bordered by a ravine some sixty feet in depth.   The passengers became excited and apprehensive of danger, and made efforts to escape from the car, some jumping from one end, and some from the other.   Miss Lehner, the plaintiff, was seen by two passengers to go to the rear or uphill end of the car, and immediately thereafter was seen lying upon the street by a passenger who was following her, but who did not see her in the act of jumping from the car. She was picked up bleeding and dirty and found to be severely

injured.    The flight of the car was eventually stopped by colliding with a team of horses, one of which became wedged under it.

Counsel for appellant complain of the submission of the case to the jury, and contend that there was not sufficient evidence that the negligence of the defendant was the proximate cause of the injuries to the plaintiff, and that the testimony did not show how plaintiff got from the car to the street.    It is true that the plaintiff could not recall the precise manner in which she passed from the rear platform to the street; but it was shown that she as well as other passengers pressed to the rear platform, and directly afterwards she was seen lying upon the street.    The obvious inference was that she jumped from the platform of the car to the ground.    If the car was running away rapidly down a dangerous grade, and the plaintiff had a well-grounded fear of imminent danger, she was justified in obeying the instinct of self-preservation, and in jumping from the car, if that seemed to be the best method of escape.    As our Brother Brown said, in Palmer v. Warren St. Ry. Co., 206 Pa. 574 (580): "The company had confronted her with the peril from which she would have escaped, and it is and ought to be responsible to her for whatever naturally followed. In trying to save herself she was, at the same time, unconsciously trying to save the company from the consequences of its negligence, and of her effort to do so it ought to be the last to complain, unless it is manifest that she acted rashly and imprudently. . . . A well-grounded fear that a collision is about to take place, which will result in fatal or even serious injury to the passenger, is a justification to him to leap from the car; and the presumption of the common carrier's negligence is not confined to the case of injuries resulting from actual collision, but extends to those caused by an effort to escape it, when made on a well-grounded belief that it will occur." The same principle was applied in Willis v. Second Avenue Traction Co., 189 Pa. 430; and in Penna. Railroad Company v. Aspell, 23 Pa. 147.

We regard as very far fetched the objection that the testimony was not sufficiently specific in describing the manner

in which the plaintiff passed from the platform to the ground, to enable the jury to reasonably infer that her injuries were the natural and proximate result of her effort to escape the effect of defendant's negligence. When you have given the fact of a rapidly moving car, and the plaintiff seen at one instant pushing her way through the car and out upon the platform, and the next instant found lying upon the street, it is certainly not unreasonable in the jury to draw from the circumstances the inference that she had fallen in an attempt to alight from the car. The objection that there is no evidence to support a finding is not well taken, when there is evidence from which the jury may reasonably infer the necessary fact, nor is it any objection that more than one inference may be drawn from the testimony. In the case of Cohen v. Phila., etc., Railroad Co., 211 Pa. 227, we said: "As applied to negligence cases, the rule has been stated by this court to be that where there is a doubt as to the inference to be drawn from the facts, or where the measure of duty is ordinary and reasonable care, and the degree of care required varies with the circumstances, the question of negligence is necessarily for the jury."

The facts of this case, and the inferences to be drawn from them, were undoubtedly for the jury; and to the manner in which the case was submitted, appellant has taken no exception.

The assignments of error are overruled, and the judgment is affirmed.