## Means *v.* Pennsylvania Company, Appellant.

*Negligence—Railroads—"Stop, look and listen"—Grade crossing—Obstruction of view by freight train.*

In an action to recover damages for the death of plaintiff's son at a grade crossing, it appeared that there were five tracks at the crossing. The deceased stopped, looked and listened before starting to cross any of the tracks. The three tracks nearest to him were unoccupied. On the fourth track from him a long freight train had just started as

the plaintiff stopped and looked. The locomotive of this train was ninety-two feet from the center of the crossing at the time. The deceased attempted to cross and cleared the fourth track on which the freight train was approaching, and was on the fifth track when he was struck and killed by a passenger train going in the same direction with the freight train, at a speed variously estimated at from twenty to forty miles an hour. *Held*, that the case was for the jury, and that a verdict and judgment for the plaintiff should be sustained.

Argued May 14, 1912. Appeal, No. 60, April T., 1912, by defendant, from judgment of C. P. Beaver Co., June Term, 1910, No. 367, on verdict for plaintiff in case of Martha Means v. Pennsylvania Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's son. Before HOLT, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,293. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*William A. McConnel*, for appellant.—We submit that under the testimony offered by the plaintiff without any reference to the testimony of the defense, that the decedent was clearly guilty of such contributory negligence that the plaintiff should not be permitted to recover in this case: Paul v. Ry. Co., 231 Pa. 338; Hovenden v. R. R. Co., 180 Pa. 244; Keppleman v. Ry. Co., 190 Pa. 333; Martin v. R. R. Co., 176 Pa. 444.

*James L. Hogan*, for appellee.—The case was for the jury: Hoffmeister v. R. R. Co., 160 Pa. 568; Penna. R. R. Co. v. Garvey, 108 Pa. 369; Philpott v. R. R. Co., 175 Pa. 570; Pennsylvania R. R. Co. v. Werner, 89 Pa. 59. ·

OPINION BY PORTER, J., December 9, 1912:

The plaintiff brought this action to recover damages for the death of her son, who was killed at a grade crossing, by a public highway, of the tracks of the railway, operated by the defendant company. Testimony was produced at the trial tending to establish the negligence of the employees of the defendant company in failing to give proper warning of the approach to the crossing of the train which struck the deceased, and while the testimony upon this point was conflicting, it was of such a character as to warrant a finding of negligence on the part of those employees, and the verdict of the jury must be accepted as settling the question of the negligence of the defendant. There was also a conflict of evidence as to whether the deceased had stopped, looked and listened, before starting to cross the tracks, and that question was submitted to the jury in a manner of which the defendant does not complain. The assignments of error refer only to the refusal of binding instructions in favor of the defendant and the overruling of the motion for judgment non obstante veredicto.

The learned counsel representing the defendant contends that under the undisputed facts it was the duty of the court to hold the deceased guilty of contributory negligence and enter judgment in favor of the defendant notwithstanding the verdict. The defendant company at the point in question maintained five tracks upon which it operated its trains, which tracks were numbered, from north to south 1, 2, 3, 4 and 5. The deceased approached the crossing from the south, and track No. 5 was the first upon that side. The verdict of the jury establishes that before starting to cross the tracks he stopped and looked up and down the track. The tracks Nos. 3, 4 and 5 were, so far as disclosed by the evidence, unoccupied; there was on track No. 2, the fourth track from where deceased was standing, a long freight train, which had been standing but had just started and was moving slowly westward towards the crossing, the locomotive at that time being

about ninety-two feet from the center of the crossing or eighty feet from the east side thereof. He attempted to cross and cleared the fourth track (No. 2), on which the freight train was approaching, and was on the fifth track (No. 1) when he was struck and killed by a passenger train, or relief train carrying employees of the defendant company, going westward, in the same direction with the freight train, at a rate of speed which was estimated by several witnesses, respectively, at from twenty to forty miles an hour. The tracks Nos. 1 and 2 were both used for west-bound traffic. The presence of the long freight train, approaching the crossing from the east, necessarily hid a portion of track No. 1, on which the passenger train came, from the view of persons crossing the tracks from the side from which the deceased came, and the noise made by the approaching freight train, would tend to drown the noise of any train coming from the east on track No. 1. It is contended on behalf of the appellant that when the deceased arrived at the crossing and saw the long freight train approaching and that his view of track No. 1, on the other side of that train, was obstructed, it was his duty to wait until the freight train had passed the crossing, in order that he might have a clear view of track No. 1, and thus ascertain whether trains were approaching upon that track, and that his failure to thus wait must be held to have been negligence, as matter of law. This contention has been most ably presented, but notwithstanding the force of the argument we are unable to reach the conclusion that the question involved is an open one. This case is on all fours with Philpott v. Pennsylvania Railroad Co., 175 Pa. 570, in which it was held that, under circumstances precisely similar to those here presented, the question of the contributory negligence of the deceased was for the jury. That decision rules this case and further discussion is unnecessary.

The judgment is affirmed,