# Hipple v. Edison Electric Illuminating Company of Pottsville, Appellant.

*Negligence—Electric light company—Uninsulated wire—Death.*

In an action against an electric light company to recover damages for the death of an employee of a telephone company, the case is for the jury where it appears that twelve years before the accident the telephone company in locating its line had lawfully placed its poles between the wires of the electric light company and stretched its own wires above those of that company; that the deceased in the performance of his duty came in contact with an uninsulated part of one of the electric wires; and that the electric light company had had, for a long time, constructive notice of the condition of this wire.

Argued February 17, 1913. Appeal, No. 59, Jan. T., 1912, by defendant, from judgment of C. P. Schuylkill Co., July T., 1909, No. 280, on verdict for plaintiff in case of Catharine Hipple v. The Edison Electric Illuminating Company of Pottsville. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before BRUMM, J.

At the trial it appeared that the deceased was killed

on June 25, 1908, while at work as a lineman of a telephone company.   The circumstances of the accident are stated in the opinion of the Supreme Court.

Defendant presented the following points:

1. The uncontradicted evidence in the case is that the plaintiff's husband received an electric shock whilst climbing a telephone pole on East Norwegian street in Pottsville during the afternoon of June 25th, 1908, which shock caused him to fall to the ground and that he received such serious injuries from the fall that he died the same afternoon.

2. The uncontradicted evidence is that the plaintiff's husband was a person acquainted with the work he was engaged in, and there is no evidence to show that he was not fully competent to do the work properly.

Answer—The first and second points we decline to affirm and do not think it necessary to read them, because they treat exclusively of what the defendant says is the evidence, and we leave the evidence all to the jury —It is for you to say what the evidence is, and base your verdict on the instructions by the court upon that evidence. (1-2)

6. The uncontradicted evidence is that in climbing said pole it was not necessary for the climber to get into contact with any of the defendant's wires and all of said wires of the defendant could be avoided by the exercise of proper care.

Answer.   The fourth, the fifth and the sixth points we decline to affirm for the same reasons given as to the first and second, that is, that they are declarations of the defendant as to what the evidence is, and we repeat here, we leave that entirely to the jury. (3)

13. The evidence is that the deceased was working among highly charged electric wires without gloves, and in so doing negligence must be imputed to him, and the verdict must be for the defendant.

Answer.   We decline to affirm this point and we say that there is no evidence here that would in any possible

way show that with the use of gloves this accident might have been avoided, no evidence to show that he was burned on the hands, that he ever came in contact with a live wire with the hands. On the contrary all the evidence that there is here on this point shows or tends to show that it would have encumbered him, that under the conditions it would have made it more dangerous to have had gloves than not to have had them. (4)

12. The plaintiff has not proven the defendant's negligence and the verdict of the jury must be for the defendant.

Answer. We decline to affirm this. (6)

14. Under all the evidence in the case the verdict of the jury must be for the defendant.

Answer. We decline to affirm this. (7)

Verdict and judgment for plaintiff for $5,260. Defendant appealed.

*Errors assigned,* among others, were (1-4, 6-7), above instructions, quoting them.

*Guy E. Farquhar,* with him *Otto E. Farquhar,* for appellant.—It was the duty of the telephone company to furnish a safe place for its employee to work, and if it so placed and maintained its pole that an uninsulated wire made it dangerous for its employees to climb the pole, it was its duty to take the necessary steps to protect its employees: Combs v. Telegraph & Telephone Co., 218 Pa. 440.

The danger in the case at bar was created by the telephone company so erecting its pole as to come in contact with the electric wire and the telephone company alone was liable: Reed v. Norristown Elec. Light & Power Co., 223 Pa. 591.

If Hipple looked for the wires, and then came in contact with them he was guilty of contributory negligence and if he did not look he was likewise guilty: Wier v.

Electric Light Co., 221 Pa. 611; Hart v. Allegheny County Light Co., 201 Pa. 234.

*Geo. M. Roads,* with him *R. A. Freiler,* for appellee, cited: Morgan v. Electric Co., 213 Pa. 151; Alexander v. Nanticoke Light Co., 209 Pa. 571; Berstein v. Philadelphia Elec. Co., 235 Pa. 53; Turton v. Powelton Electric Co., 185 Pa. 406; Combs v. Telegraph & Telephone Co., 218 Pa. 440; Frantz v. Citizens' Electric Co., 231 Pa. 589.

OPINION BY MR. JUSTICE BROWN, March 24, 1913:

In 1889 the defendant company erected a line of poles and wires on Norwegian street, in the Borough of Pottsville, and eleven or twelve years later the United Telephone and Telegraph Company erected its poles and wires on the same street. In doing so it placed its poles between the wires of the defendant company and stretched its own wires above those of that company. George Hipple, the husband of the appellee, was an employee of the telephone company. On June 25, 1908, he was sent by it to repair its line of wires on Norwegian street, and it became necessary for him to climb up one of its poles, between the wires of the defendant company. It is an uncontradicted fact that, in so climbing, he received a shock from the electric current on one of the wires of the defendant company and, falling to the ground, was killed.

It is not disputed that the telephone company had lawfully erected its poles between the wires of the defendant company. The testimony on the part of the plaintiff tended clearly to show that the fall of the deceased was due to his coming in contact with an uninsulated part of one of the defendant company's wires, and that it had had, for a long time, constructive notice of the condition of this wire. In view of this situation, the question of the negligence of the defendant as the proximate cause of the death of appellee's husband was

clearly for the jury. He was lawfully about his business when he was climbing up one of the poles of his employer for the purpose of repairing its line of wires, and the defendant company, which had never questioned the right of the telephone company to maintain its line of poles and wires as they had been set twelve years before, was bound to know that, from time to time, its employees would do just what the deceased did, and, bound by such knowledge, the duty resting upon the defendant company was to use the very highest degree of care practicable to avoid injury to any one who might be lawfully in proximity to its wires and liable to get accidentally or otherwise in contact with them: Fitzgerald v. Edison Electric Illuminating Company, 200 Pa. 540; and, if the defendant was negligent in this respect, it is no defense that the company which had employed the deceased had not taken proper care to protect its employees from the negligence of the other company. The right of the appellee, without regard to the failure of her husband's employer to perform a duty to him, is to hold the defendant liable, if its negligence was the proximate cause of his death.

The contributory negligence of the deceased was also, under all the evidence, for the jury, and this question was submitted to them in a charge in which no reversible error is discoverable. We find nothing in the answers to the points which are the subjects of the first, second, third, fourth, sixth and seventh assignments, nor in the charge of the court, calling for the resubmission of the case to a jury, and all the assignments are, therefore, overruled.

Judgment affirmed.