## Faulk et ux. v. Duquesne Light Company, Appellant.

*Negligence—Master and servant—Electric company — Wires — Defective transformers—Notice—Death of lineman—Presumption of care—Contributory negligence — Conflicting facts — Case for jury.*

1. Where a lineman employed by an electric company is killed while working around live wires on a telegraph pole he is presumed to have used care.

2. Where the facts or inferences upon which the question of contributory negligence depends are in doubt, that question, if controlling, must be submitted to the jury.

3. In an action against an electric company to recover for the death of plaintiff's son, who was employed by defendant as a lineman, the question of defendant's negligence and the contributory negligence of the decedent are for the jury where it appears that

defendant's foreman, a vice-principal, directed decedent to connect certain wires at or near a transformer, which had been out of repair and in a leaky condition for some time and to such an extent as to electrify the metal case, of which fact defendant had notice; that decedent climbed the pole pursuant to such direction and immediately came in contact with the transformer, apparently by his arm touching the live case as he put it in the four-inch space between the case and the buck-arm while fastening his safety belt around the pole; that decedent had been employed as a lineman for from ten to twelve months and was ranked in the lowest of three classes of workmen as to experience and efficiency; and although he had been instructed as to the dangers of the business and warned not to touch a transformer case, he had not been warned of the defective condition of the transformer in question.

Argued Oct. 11, 1917.   Appeal, No. 93, Oct. T., 1917, by defendant, from judgment of C. P. Allegheny Co., April T., 1915, No. 2074, on verdict for plaintiff, in case of Louis P. Faulk and Elizabeth A. Faulk, his wife, v. Duquesne Light Company.   Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and WALLING, JJ.   Affirmed.

Trespass to recover damages for the death of plaintiffs' son.   Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs for $6,500, subsequently reduced to $3,500, and judgment thereon.   Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, and in refusing to enter judgment for defendant n. o. v.

*John G. Frazer*, with him *Reed, Smith, Shaw & Beal*, for appellant.—The deceased was guilty of contributory negligence as a matter of law, and the court should have so instructed the jury: McMellen v. Union News Co., 144 Pa. 332; Lehigh Valley R. R. Co. v. Greiner, 113 Pa. 600; Weir v. Haverford Electric Light Co., 221 Pa. 611; Lonzer v. Lehigh Valley R. R. Co., 196 Pa. 610; Holland v. Kindregan, 155 Pa. 156; Walters v. American Bridge

Co., 234 Pa. 7; Hamilton v. Central R. R. of New Jersey, 227 Pa. 137; Schley v. S. & N. Y. R. R. Co., 227 Pa. 494; Cromley v. P. R. R. Co., 211 Pa. 429; Lerch v. Hershey Transit Co., 246 Pa. 473; Keiser v. Lehigh Valley R. R. Co., 212 Pa. 409.

*Rody P. Marshall,* for appellee.—The case was for the jury.

OPINION BY MR. JUSTICE WALLING, January 7, 1918:

This is an action by parents to recover damages for the death of an adult son.    There is a line of poles in the Butler Pike in Allegheny County, used jointly by defendant and the Bell Telephone Company.    One of said poles is located opposite the residence of a Mr. DeHaven and has three cross-arms; the lowest is used by the telephone company, the top by defendant for its high tension wires, and the middle, known as the buck-arm, is used by defendant for house wires.    The transformer is contained in a metal case suspended from the upper cross-arm by iron hooks and comes down to within about four inches of the buck-arm.    Its purpose is to reduce the current from 2,200 to 110 volts.    The telephone company's messenger wire extends from the pole and is attached to it near the lowest cross-arm.    It is considered a grounded wire, as is also an uninsulated guy wire fastened to the pole below the transformer.    Plaintiff's son, Louis P. Faulk, was in defendant's employ as a lineman, and, on October 5, 1914, was directed by the foreman, who was in reality a vice-principal, to permanently connect some wires at or near the transformer.    Young Faulk climbed the pole for that purpose and was immediately killed by an electric shock.    No one saw the accident.    Mr. Ford, a fellow lineman, was about fifty feet away, and, attracted by the noise, turned and saw Faulk in an upright position on the pole, and called twice to him but received no response.    Ford then climbed the pole and found the deceased with his arms and safety

belt resting on the buck-arm, one foot fastened to the pole by a climber and the other resting on the messenger wire. The outside of Faulk's arm, below the elbow, and his feet were burned. The plaintiff's evidence tended to show that this transformer had been out of repair and in a leaky condition for some time, to such an extent as to electrify the metal case, of which the defendant had notice. It is reasonably certain that Faulk's death resulted from his arm touching the transformer case when his foot or feet were in contact with a grounded wire or some other conductor of electricity. Linemen are placed in three classes according to experience and efficiency. Faulk, who had from ten to twelve months' experience, was in the lowest class.

Defendant concedes that the question of its negligence was for the jury, but urges that the trial court erred in failing to hold that the deceased was guilty of contributory negligence. Defendant offered oral evidence, not controverted, to the effect that Faulk had been instructed as to the dangers of the business and warned not to touch a transformer case or messenger wire. However, he had not been warned of the defective condition of this transformer. He was sent to work in immediate proximity to high tension wires and a live metal case, with grounded wires near where he was required to stand, which made the place one of great danger. Under such circumstances the happening of the accident itself does not convict him of negligence. Careful and competent men are killed while working around live wires. No one knows just how the accident happened. The deceased is presumed to have used care. True, he was found with his foot on the messenger wire and it would seem that his arm had touched the transformer case; but it does not clearly appear that either act was done intentionally or negligently. A slight slip or misstep might easily have caused the accident. Both feet were burned while only one was found on the messenger wire, and this may have been by an involuntary movement after the shock. The

transformer could be cut out by pulling the fuse plugs, but defendant's foreman testified that Faulk's first duty was to fasten his safety belt around the pole; and seemingly he was killed while attempting to do so. As there was a space of only four inches between the transformer case and the buck-arm, it is not remarkable that in pushing his belt around the pole his arm in some unexplained manner touched the live case. According to the evidence Faulk was sent to do work more dangerous than his experience justified, and his own negligence was not shown so clearly that it could be declared as matter of law. Where the facts or inferences upon which the question of contributory negligence depends are in doubt, that question if controlling must be submitted to the jury.

The assignments of error are overruled and the judgment is affirmed.