## Hoke *v.* Edison Light & Power Co., Appellant.

*Negligence—Electric light companies—Master and servant—Safe place of employment—Instructions to employee—Contributory negligence—Province of court and jury—Proximate cause.*

1. Where questions of fact are involved, and they may or may not show negligence, or the inference to be drawn from them may leave the matter in doubt, it is for the jury to say whether the defendant failed to exercise due care, and whether the one injured was guilty of contributory negligence.

2. If the facts are clear and not disputed, the question is one for the court.

3. The injury must be the natural and probable consequence of the accident; such a consequence as under the attending circumstances of the case ought to be foreseen by the wrongdoer as likely to flow from his acts.

4. By proximate cause is meant that the injury was one which could reasonably have been anticipated by a defendant who was responsible for the alleged wrongful acts.

5. An employee who is injured, cannot recover where he himself picks the material which turns out to be inefficient, when it appears that he did not use ordinary judgment in so acting.

6. Though it is the duty of the employer to warn the workman of dangers, and give him a safe place in which to work, yet it is the duty of one engaged to consider the risk which is incident to the performance of the labor for which he is employed.

7. If one heedlessly brings himself in contact with an electric wire, and is injured in consequence, his improvidence must be regarded as a contributory cause, and will prevent recovery.

8. No damages can be recovered from an electric light company for the death of an employee, where it appears that the deceased

selected his own ladder to do certain work, that he must have known that the ladder was too short for him to do the work above his head without leaning back, that as a consequence in leaning back he lost his balance, and seized a charged wire in falling, causing his death.

9. In such case, the fall from the ladder and not the shock by the wire, was the proximate cause of the accident.

Argued May 18, 1925. Appeal, No. 79, Jan. T., 1925, by defendant, from judgment of C. P. York Co., April T., 1921, No. 110, on verdict for plaintiff, in case of Phoebe A. Hoke v. Edison Light & Power Co., Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for death of plaintiff's husband. Before Ross, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $10,000. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Richard E. Cochran,* with him *John A. Hoober* and *George S. Schmidt,* for appellant.—The case was one of law for the court: Prescott v. Engine Co., 176 Pa. 459; O'Dowd v. Burnham, 19 Pa. Superior Ct. 464; D., L. & W. R. R. v. Cadow, 120 Pa. 559; Lonzer v. R. R., 196 Pa. 610; Elliott v. Light Co., 204 Pa. 568.

*James G. Glessner,* for appellee.—The deceased was not properly instructed: Dohl v. Clement, 263 Pa. 581; Kunkel v. Cement Co., 249 Pa. 104; Gilbert v. Tanning Co., 221 Pa. 176; Reber v. Twp., 49 Pa. Superior Ct. 465; Dougherty v. Dobson, 214 Pa. 252; Martin v. Transport Co., 237 Pa. 15.

Where the facts or inferences upon which the question of contributory negligence depend are in doubt, that

question, if controlling, must be submitted to the jury: Faulk v. Light Co., 159 Pa. 389; Moore v. Rys., 247 Pa. 126; Maloy v. Rosenbaum, 260 Pa. 466.

OPINION BY MR. JUSTICE SADLER, June 27, 1925:

The defendant company operates a power plant in the City of York, and furnishes electricity to a trolley line by wires, carrying a high voltage, which pass through conduits from a point near the roof of one of its structures. It became necessary to make certain repairs to the spouting of this building, and the decedent and his son were employed for the performance of the work. The cornice, and the spouting beyond, extended some fourteen inches from the wall. Hoke undertook to secure the necessary appliances, and selected a ladder from the defendant's stock-room, so that he could reach the point requiring repair. When placed for use, the ladder was underneath the broken spout, and about two feet away from the electric wires which are alleged to have caused the injury. On the day of the accident, he ascended, carrying tools in his right hand, and, on reaching the top, tried to place them above where the work was to be done. In so doing, he lost his balance tried to support himself with his left hand, and, as a result, came in contact with the highly charged wires, fell to the cement pavement below, and was killed. His wife brought this action to recover damages for the loss sustained, averring that no proper instructions had been given to her husband as to the harm which might result from the proximity of the beforementioned electric line, located within a short distance of his working place. The learned court below was of opinion that, no sufficient warning as to possible danger having been given to Hoke, and there being some slight evidence of lack of suitable insulation, it was for the jury to say whether there was want of due care on part of the defendant, and for it likewise to determine whether any contributory negligence appeared on the part of the deceased. A ver-

dict for the plaintiff followed, and, from the judgment entered thereon, we have this appeal, which rests entirely on the claim that no case was made out requiring submission, or that judgment n. o. v. should have been entered when there was a submission and an adverse finding resulted.

Where questions of fact are involved, and they may or may not show negligence, or the inference to be drawn from them may leave the matter in doubt, it is, of course, for the jury to say whether the defendant failed to exercise due care, and whether the one injured was guilty of contributory negligence: Lehner v. Pittsburgh Rys. Co., 223 Pa. 208; Burkett v. P. & S. R. R. Co., 74 Pa. Superior Ct. 404. On the other hand, if the facts are clear and not disputed, the question is one for the court: Philpott v. P. R. R. Co., 175 Pa. 570. Where the facts are not in controversy, it is for the trial judge to say, as a matter of law, whether the alleged negligent act is the proximate cause of the loss which occurred: Nirdlinger v. American Dist. Tel. Co., 245 Pa. 453. "The rule is well settled 'that the injury must be the natural and probable consequence of the negligence; such a consequence as under the surrounding circumstances of the case might and ought to be foreseen by the wrongdoer as likely to flow from his acts'": Bruggeman v. City of York, 259 Pa. 94, 98.

In its facts, the present situation is similar to those appearing in Elliott v. Allegheny Co. L. Co., 204 Pa. 568, where the syllabus correctly states them as follows: "Where a painter falls with, or slips from, a ladder, on which he is at work, and in his fall clutches at a live electric wire, and is shocked, he is not entitled to recover damages from the electric light company which left the wire uninsulated. In such a case the fall from the ladder, and not the shock by the wire, is the proximate cause of the accident." By proximate cause is meant that the injury was one which could reasonably have been anticipated by a defendant who was responsible for the

alleged wrongful act: Schaefer v. Jackson Twp., 150 Pa. 145; Carpenter v. Miller & Son, 232 Pa. 362; Rugart v. Keebler-Weyl Baking Co., 277 Pa. 408.

Here, Hoke selected. his own ladder, which did not reach to the roof, and he must have known that, to do the repair work according to the manner in which his actions show he planned it, there would be a necessity for him to lean backward in order to place his tools on the roof or in the spout, since the cornice extended fourteen inches from the wall. He was not required to use the particular ladder which he saw fit to take from the storeroom of defendant company. An employee, who is injured, cannot recover where he himself picks the material which turns out to be inefficient, when it appears that he did not use ordinary judgment in so acting: Prescott v. Ball Engine Co., 176 Pa. 459; O'Dowd v. Burnham, 19 Pa. Superior Ct. 464. The decedent must have been conscious that, in working upon a ladder placed against the side of a building, with the spout, which he intended to repair, extending some distance above his head, it would be necessary for him to lean backward in order to do the contemplated work. Because of this, he lost his balance and seized the wire in falling, causing the injury.

Though it is the duty of the employer to warn the workman of dangers, and give him a safe place in which to work (Faulk v. Duquesne Light Co., 259 Pa. 389; Martin v. Atlantic Trans. Co., 237 Pa. 15), yet it is the duty of one engaged to consider the risk which is incident to the performance of the labor for which he is employed. "While electric companies are bound to use the highest degree of care practicable to avoid injury to everyone who may be in lawful proximity to their wires, yet the ordinary person is held to know that danger attends contact with electric wires, and it is his duty to avoid them so far as he may. If one heedlessly brings himself in contact with such a wire, and is injured in consequence, his imprudence must be regarded

as a contributing cause, and will prevent a recovery": Haertel v. Pa. Light & P. Co., 219 Pa. 640, 643. To the same effect, see Morris v. Jefferson Elec. Co., 278 Pa. 361. "All ordinary persons are assumed to know that it is dangerous to come in contact with, or in close proximity to, an electric wire": Aljoe v. Pa. C. L. & P. Co., 281 Pa. 368, 371.

We are inevitably led to the conclusion, after a careful examination of the evidence, that the death of the decedent was due, not to any negligence of the defendant, which could be called the proximate cause of the fall, but to the lack of due care on the part of decedent to protect himself, and that therefore no recovery can be had.

The judgment is reversed, and here entered for the defendant.

Mr. Justice FRAZER dissented.