STEPHEN KELLY v. J. M. BENNETT.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 23, 1890—Decided February 3, 1890.
[To be reported.]

1. For personal injuries received by the plaintiff when falling upon an icy street and striking his hand upon the spear-pointed railing about an area-way, a lawful structure upon a sidewalk, the owner of the property to which the area-way belongs is not responsible in damages.
2. Error cannot be assigned to the refusal of a motion for judgment of nonsuit. And a single specification embracing more than one point, —for example, one assignment alleging error in the answers to several points for instruction, is not in accordance with the Rules of Court: Rule XXII.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 5 January Term 1889, Sup. Ct.; court below, number and term not given.

Charge of Court below.

On February 8, 1888, Stephen Kelly brought trespass against Joseph M. Bennett, to recover damages for personal injuries received.    Issue.

At the trial on April 10, 1889, it was shown in the plaintiff's case that the defendant was the owner of a dwelling-house on the corner of Spruce and Quince streets, Philadelphia, which on January 25, 1888, was in the occupancy of Dr. Andrews, a tenant; that on that day, during a fall of snow, the plaintiff, a barber, while passing upon the icy sidewalk on Quince street, slipped and fell.    As he was falling, he reached out his hand to recover himself and struck the railing guarding the area-way to defendant's dwelling.    The railing had spear-pointed projections upon its top rail, upon one of which plaintiff's hand was thrown, causing him severe and permanent injuries.

At the close of the plaintiff's testimony, the defendant moved for judgment of nonsuit.    The court, REED, J., refused the motion, and, no testimony being offered on part of the defendant, instructed the jury as follows:

There are two questions of fact in this case, which are to be submitted to your consideration.    The first relates to the negligence of defendant, and the second to the contributory negligence of the plaintiff.

The first question, that is, the negligence of the defendant, depends upon the condition of the fence, which has been described to you by the witnesses.    If the points of the fence were dangerous and sharp, so sharp and dangerous that a person might get hurt, then the owner might have anticipated that injuries might result therefrom; but it is for you say how far they were dangerous or sharp, and in such condition that the owner might have anticipated injuries happening as a result from them.    If you should find that the fence was so dangerous and sharp that there was a reasonable likelihood of persons being hurt by it, then the owner of the property was bound to foresee such an event, and would be liable for injuries resulting therefrom; but if you should find that it was not thus dangerous or sharp, or in such a dangerous condition,—in other words, that a contrary state of facts existed concerning the fence, then there was no negligence and the owner is not liable.

Even if you should find that the fence was dangerous, there

Charge of Court below.

are two aspects in which the action of the plaintiff might have
contributed to the negligence, which is a second fact that I
have left to your consideration.　First, if by reason of his
knowledge of the locality, or in any other way he had knowl-
edge of the dangerous condition of the fence, and took the
risk of it, he cannot recover; but in this respect, in order to
make the plaintiff liable as contributing to the negligence, the
plaintiff must have seen that the fence was dangerous, and
that it was dangerous for him to walk there.　The question for
you therefore to consider in this aspect of the case is, did this
man know his danger, or would or would not a prudent man
have passed by in the manner in which the plaintiff did?　If
he passed by there, and acted as any other prudent man would
act, then he was not guilty of contributory negligence; but I
leave this question to you to determine.

But there is another way in which the plaintiff may have
been guilty of contributory negligence.　It appears from the
testimony that as he slipped he seized, or rather his hand came
in contact with, the point of the railing.　In this connection
you must consider whether Kelly had time when he slipped to
deliberately act, and put out his hand to clutch the railing, to
save himself from falling, or whether it was a spasmodic act on
his part, and he threw out his hand in the moment of falling
without doing it deliberately, or without any time on his part
for a deliberate action.

In this connection one of the witnesses said that the plaint-
iff in falling struck his hand upon the rail; not that he grabbed
it, but that in throwing out his hand he came in contact with
the point of the rail.　Another witness, however, said that she
saw him slip on the pavement, and as he slipped he reached
out his hand to grab the railing, and the injury happened.

As to the measure of damages, if you should find in favor of
the plaintiff, upon the questions which I have submitted to
you, you can compensate him for his pain and suffering, for
the loss of time, and for the loss of his earning power.　You
have heard what the Doctor has said in relation to his injury.
As to the loss of earning power, the plaintiff has testified that
he can shave as well as he formerly did, but that he cannot
cut hair, as he formerly did, especially in view of the present
fashion, which the plaintiff has called the " feather style," be-

Arguments.

cause he is unable to hold the comb so well in his left hand, on account of the stiffness in his fingers.

All these facts, together with the others that I have adverted to, are, however, for your consideration.

I am asked by the defendant to charge you upon the following points of law:

1. If the jury believe that the accident occurred by the plaintiff slipping on the pavement, by reason of ice or any other material, then the plaintiff cannot recover.

Answer: I refuse to affirm this point.

2. If the jury believe that the plaintiff, by slipping, reached out his hand to protect himself, the plaintiff cannot recover.

Answer: I refuse to affirm this point.

3. If the jury believe that the railing was not the primary cause of the accident, the plaintiff cannot recover.

Answer: I affirm this point.

4. If the jury believe that Dr. Andrews was the tenant in possession, the plaintiff cannot recover against the owner.

Answer: I refuse to affirm the fourth point, because the fence formed part of the original structure of the house before the tenant took possession of the premises.

The jury returned a verdict for the plaintiff for $732. A rule for a new trial having been discharged, judgment was entered, when the defendant took this appeal, the assignments of error filed being as follows:

" Under the evidence, the learned judge erred in not granting a nonsuit.

" The learned judge erred in refusing to affirm the first, second and fourth points submitted at the trial, to wit:

" 1. If the jury believe that the accident occurred by the plaintiff slipping on the pavement, by reason of ice or any other material, then the plaintiff cannot recover.

" 2. If the jury believe that the plaintiff, by slipping, reached out his hand to protect himself, the plaintiff cannot recover.

" 4. If the jury believe that Dr. Andrews was the tenant in possession, the plaintiff cannot recover against the owner."

*Mr. Andrew Zane*, for the appellant:

One is answerable for the consequences of a fault only so far

as the same are natural and proximate, and such as may be foreseen by ordinary forecast; and not for those consequences which arise by conjunction of his fault with other circumstances over which he had no control: Fairbanks v. Kerr, 70 Pa. 90; Hoag v. Railroad Co., 85 Pa. 293; Morrison v. Davis, 20 Pa. 175; McGrew v. Stone, 53 Pa. 436; Hunter v. Wanamaker, 17 W. N. 232.

*Mr. J. Campbell Lancaster* (with him *Mr. Wm. Henry Lex*), for the appellee:

The existence of the fence was the proximate and not the remote cause of the plaintiff's injury: Hoag v. Railroad Co., 85 Pa. 293; Fairbanks v. Kerr, 70 Pa. 90; Morrison v. Davis, 20 Pa. 175; McGrew v. Stone, 53 Pa. 436; Wharton on Neg., § 73, 97; South Side Pass. Ry. Co. v. Trich, 117 Pa. 390. Hunter v. Wanamaker, 17 W. N. 232, is to be distinguished. It logically follows that the learned trial judge was not in error in refusing the defendant's points. The existence of the fence in the form it was, was itself a nuisance. It could have been built just as securely, and could have been made just as ornamental, and yet of a character to suit every requirement of the owner, without being dangerous.

OPINION, MR. CHIEF JUSTICE PAXSON:

While this is a plain case for a reversal, we are embarrassed by the defective manner in which it was presented. The assignments of error are very carelessly or unskilfully drawn, and do not meet the case. Indeed, if we were to stand upon mere technicalities, we would be compelled to affirm the judgment.

The first assignment is to the refusal of the court to grant a nonsuit, which we have said, at least a hundred times, is not assignable as error. The second and last assignment alleges error in not affirming the defendant's first, second, and fourth points. The manner of assigning these errors is wrong, as our rules require separate assignments in such cases; only one point or subject should be embraced in an assignment of error.

The defendant's first point is as follows: "If the jury believe that the accident occurred by the plaintiff stepping on the pavement, by reason of ice or any other material, then the

Opinion of the Court.

plaintiff cannot recover." Inadequate as this point is to reach the merits of the case, we nevertheless think it should have been affirmed, in view of the undisputed facts. The defendant below is the owner of a dwelling-house at the northeast corner of Spruce and Quince streets, in the city of Philadelphia. In front of his house, on Spruce street, there was an iron railing about four feet high, to protect an area-way, and perhaps the front of the house. The railing was pointed at the top, of the arrow-head pattern. The plaintiff, while walking along the pavement on the afternoon of January 25, 1888, slipped, by reason of the snow or ice, or both, and in falling put out his hand, which came in contact with one of the points of the railing, and was lacerated. For this injury he recovered a verdict of $732 in the court below.

The defendant was not shown to have been negligent in any respect. The railing was a lawful structure. The defendant had a right to protect his area in that manner. Had he not done so, and some one had fallen therein and been injured, there would have been more reason in charging him with negligence. It is said, however, that it should have been constructed without points. This is not so clear. The points are useful in preventing mischievous boys from climbing over it.

What reason had the defendant to anticipate that the plaintiff would slip and fall precisely at that spot, and that in doing so he would reach out his hand and strike the railing? And, if he had not such reason, the railing cannot be regarded, under our cases, as the proximate cause of the injury. It will not do to say that the mere fact of the injury is evidence of negligence on the part of defendant. Had there been no railing there, the plaintiff might have fallen with his head against the sharp edge of the step, and received a far worse injury; and if he may recover in the one case, why not in the other? It will not do to hold that, when a man slips upon an icy pavement, the owner of the pavement, or the fence, or the steps upon which he falls, must compensate him for any injury he may receive. Few men would be willing to own property under such conditions. This plaintiff has no case, and we will not dignify it by a further discussion.

                                        Judgment reversed.