# Michael Hogan v. The Township of West Mahanoy, Appellant.

*Negligence—Township—Defective road—Contributory negligence.*

In an action against a township to recover damages for personal injuries, the question of defendant's negligence and plaintiff's contributory negligence is for the jury, where the evidence tends to show that about midnight on the day of the accident plaintiff, hearing the cry of dogs attacking his goats, took his gun, and with a miner's open lamp on his hat proceeded along a public road some distance, when his light blew out. In attempting to return home without relighting his lamp, he fell into a mine breach or hole which was left without guard rails, along the side of this road, and not in the traveled portion of it.

Argued Feb. 17, 1896. Appeal, No. 453, Jan. T., 1895, by defendant, from judgment of C. P. Schuylkill Co., July T., 1895, No. 453, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before WEIDMAN, J. ·

At the trial it appeared that plaintiff was injured about midnight on November 12, 1890, by falling into a mine breach or hole in a road. It appeared that on the night in question plaintiff, hearing the cries of dogs and goats, the goats being his own property, lighted a miner's open lamp which he placed on his hat and started out on the road in front of his house, until he came to a public cross road, and proceeded along this road for some distance, when his light blew out. He attempted to return along this road without relighting his lamp. In doing so he fell into a mine breach or hole about twenty feet deep, along the side of the road, but not in the traveled portion of it.

The evidence showed that the road where the accident occurred had formerly been the traveled road from Deansville to Shenandoah, and that owing to the cave holes it had been shifted a little to the south of its original position. It was obstructed by a coal dirt bank a short distance from the point where the accident occurred, but it was used by the public to approach six houses on the road which were west of the obstruction. The court left the question of the defendant's negligence and the plaintiff's contributory negligence to the jury. The defendant submitted this point.

That under all the evidence in the case the verdict of the jury should be for the defendant. *Answer:* Refused.

Verdict and judgment for plaintiff for $2,135. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*E. D. Smith* and *S. H. Kaercher*, *Edgar W. Bechtel* with them, for appellant, cited on the question of negligence: Jackson Township v. Wagner, 127 Pa. 184; Worrilow v. Upper Chichester Twp., 149 Pa. 41.

*William A. Marr*, for appellee.—The permitting of a hole twenty feet deep established by the verdict of the jury as being in dangerous proximity to the traveled portion of the road, within twenty-two feet of dwelling houses, cannot be characterized other than the grossest carelessness on the part of those whose duty it was to protect the public from such a dangerous pitfall: Corbalis v. New Berry Twp., 132 Pa. 9; Plymouth Twp. v. Graver, 125 Pa. 24; Burrell Twp. v. Uncapher, 117 Pa. 353; Hey v. Phila., 81 Pa. 44; Lower Macungie Twp. v. Merkhoffer, 71 Pa. 276; Pittston Borough v. Hart, 89 Pa. 389; Trexler v. Greenwich Twp., 168 Pa. 214.

The plaintiff was not guilty of contributory negligence: Glase v. Phila., 169 Pa. 488.

OPINION BY MR. CHIEF JUSTICE STERRETT, March 16, 1896:

The court's refusal to charge, "That under all the evidence in the case the verdict of the jury should be for the defendant," is the only assignment of error on this record.

That instruction could not have been given unless there was an entire lack of competent evidence tending to prove that plaintiff's injury was the result, in part at least, of defendant's negligence, or unless it was clearly established by plaintiff's admission or by undisputed evidence that he himself was guilty of negligence that contributed to his injury. Neither of these conditions existed in this case. On the contrary, the testimony tended strongly to prove that the township authorities were grossly negligent in not keeping the road,—from the edge of which plaintiff fell into the pit,—in a reasonably safe condition

for public travel, and that their negligence, in that regard, was the proximate cause of his injury. There was also some testimony tending to show that plaintiff himself was guilty of negligence which contributed to the injury of which he complains. These questions of negligence on the one hand, and contributory negligence on the other, were both questions of fact for the exclusive determination of the jury; and to them they were fairly submitted by the learned trial judge with instructions of which the defendant, at least, has no just reason to complain. The controlling questions of fact, upon which alone the plaintiff's right to recover depended, were thus definitively settled, in the regular and orderly way, by the verdict of the jury. Subject to the power of the trial court to set aside or provisionally reduce a plainly excessive verdict, or to set aside a verdict that is manifestly contrary to instructions, or against the weight of the evidence, etc., a verdict should be the end of litigation, as to questions of fact; and, ordinarily it would be so, if disappointed parties did not too often unwisely expect this court to usurp the functions of the constitutionally ordained triers of fact, and retry questions which are within their exclusive province.

It is unnecessary to consider subordinate matters that are necessarily involved in the controlling questions above stated. It would be a waste of time to do so. The record discloses no substantial error in the course of the trial,—certainly none that would justify us in disturbing the judgment.

Judgment affirmed.