# Daniels *v.* Hilman Coal & Coke Co., Appellant.

*Negligence—Infant—Proximate or efficient cause—Intervening cause—Unexpected cause—Unguarded machinery—Notice.*

1. A defendant is not liable for an accident which results from an unexpected intervening cause over which he has no control.

2. A minor, under 14 years of age, who was trespassing on defendant's property near to unguarded idle machinery, cannot recover damages for an injury received by coming in contact with the machinery after it was started, even if defendant knew he was there when it was started, if the direct and proximate cause of the injury was his slipping when he attempted to go, and there is no evidence that defendant knew or should have known this was likely to occur.

*Appeals—Review—Judgment n. o. v.—Evidence.*

3. In determining whether or not judgment n. o. v. should have been entered by the court below, the appellate court, when the case does not depend on written evidence, considers, as if set forth in a special verdict, only the facts and inferences which tend to support the finding of the jury and ignores all the testimony which the jury might properly have disbelieved.

Argued October 10, 1923. Appeals, Nos. 101 and 102, Oct. T., 1923, by defendant, from judgments of C. P. Allegheny Co., July T., 1921, No. 514, on verdicts for plaintiffs in cases of Anton Daniels, a minor, by his father and next friend, John Daniels, and John Daniels in his own right, v. Hilman Coal & Coke Co. Before FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Reversed.

Trespass for personal injuries. Before KLINE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for Anton Daniels for $5,000, and for John Daniels for $1,726.  Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment n. o. v. for defendant, quoting record.

*Thomas Watson,* with him *R. M. Steffler,* for appellant. —The only right of the trespassing plaintiff in this case was a right to have defendant use ordinary care under the circumstances, so as not to wantonly, deliberately and intentionally injure the trespassing plaintiff: Gillespie v. McGowan, 100 Pa. 144; Rodgers v. Lees, 140 Pa. 475; Hestonville Pass. Ry. v. Connell, 88 Pa. 520.

The proximate cause of the injury was not the starting of the pulley wheel in motion by defendant's employees, but the unfortunate slipping of plaintiff's foot while plaintiff was walking towards the pulley: Bruggeman v. York, 259 Pa. 94; Rhad v. Duquesne Light Co., 255 Pa. 409.

*W. Clyde Grubbs,* for appellee, cited: Walsh v. Rys., 221 Pa. 463; Petrowski v. Ry., 263 Pa. 531; Duff v. Hamlin, 272 Pa. 251.

Opinion by Mr. Justice Simpson, January 7, 1924:

A minor, who was a few months short of fourteen years of age, was injured on the premises of defendant; alleging the accident was caused by the negligence of defendant's employee, he and his father brought an action against it; each recovered a verdict and judgment; and defendant now appeals because the court below refused to enter judgments in its favor, non obstante veredicto.  There was no written evidence, and hence, in determining whether or not the refusal was right, we must consider, as if set forth in a special verdict, only the facts and inferences which tend to sustain the finding of the jury, and ignore all the testimony which it might properly have disbelieved: Fuller v. Stewart Coal

Co., 268 Pa. 328. Ascertained thus, the relevant facts are as follows:

At the time of the accident, the minor and another boy, admittedly trespassers on defendant's property, had climbed to the top of a dump pile thereon, for the purpose of looking at the steamboats passing up and down the Monongahela River, and not to play, or because attracted by the machinery. They seated themselves on the uppermost tie of an inclined railway, about eighteen inches from a pulley wheel and wire cable, the latter of which ran around the former, and when in operation was attached to and used in hauling the dump car up the railway track.

Subsequently defendant's employee ordered the boys to leave the property. At that time they could safely have done so, since the wheel was not turning and the cable not running. The other boy obeyed and got away unhurt; but the minor plaintiff remained, and about three minutes later the machinery was started. He then jumped or stepped backwards in the direction of the wheel and cable, instead of away from them as he could have done. In so doing he slipped, his shoe caught in a loose wire of the cable, and his foot was drawn into the pulley, thus causing his injury.

It is evident from the foregoing, that the proximate, or, as it is frequently called, the efficient cause of the minor's injury, was his slipping at the time he jumped or stepped backwards. The evidence does not show, however, that defendant's employees knew or should have known this was likely to occur, and hence defendant cannot be held liable, even if we assume there was wantonness in starting the machinery, while the minor was still seated on the railway tie. Under such circumstances the case is governed by the rule that a defendant is not liable for an accident which results from an unexpected intervening cause, over which it has no control: Kelly v. Bennett, 132 Pa. 218; Bruggeman v. City of

York, 259 Pa. 94; Pittsburgh Forge & Iron Co. v. Dravo Contracting Co., 272 Pa. 118.

The authorities on which plaintiffs rely, are not in point. In Walsh v. Pittsburgh Railways Co., 221 Pa. 463, defendant's employee, though knowing plaintiff was standing so close to a frayed cable that, when in motion, it would touch and possibly catch her dress, nevertheless started it running, with the result that the dress was caught, she was drawn into the machinery, and, without the intervention of any other cause, was thereby injured. In Petrowski v. Phila. & Reading Ry. Co., 263 Pa. 531, defendant's employee drove the minor plaintiff from a rapidly moving railroad train—one of the most dangerous things possible,—and this act alone occasioned his injury.

The judgments of the court below are reversed, and on each appeal judgment is here entered for defendant non obstante veredicto.