# Kosson et al., Appellants, *v.* West Penn Power Co.

*Negligence — Electric wires—Electric transformer—Children—Proximate cause.*

1. A proximate cause is one which, in actual sequence, undisturbed by any independent cause, produces the result complained of.

2. A prior and remote cause cannot be made the basis of an action, if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated and efficient cause of the injury.

3. An actionable injury resulting from negligence must be the natural and probable consequence of the negligence.

4. Where an enclosure containing a transformer fitted with wires of high voltage is protected on three sides by a fence six to eight feet in height, while the other side of the enclosure is a steep bank, and boys climb to the height on the bank above the enclosure, and fall down on the transformer by the tilting of a stone upon which they step, the owner of the transformer is not liable for their injuries.

Argued March 21, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeals, Nos. 83 and 84, March T., 1928, by plaintiffs, from judgment of C. P. Allegheny Co., April T., 1924, No. 1328, for defendant n. o. v., in case of Eliza Kosson, mother and next friend of John Kosson, a minor, and Eliza Kosson, on her own behalf, v. West Penn Power Co. Affirmed.

Trespass for death of one child and injuries to another. Before GOLLMAR, J.

The opinion of the Supreme Court states the facts.

Verdicts for plaintiffs. Judgment n. o. v. for defendant. Plaintiff appealed.

*Error assigned* was judgment n. o. v., quoting record.

*Emerson Hazlett,* for appellants.—The slipping of the stone on which the boys were standing immediately prior to the accident was not the proximate cause of the injuries: Hey v. Phila., 81 Pa. 44; Fegley v. Rubber Co., 231 Pa. 446; Stanton v. Traction Co., 11 Pa. Superior Ct. 180; Rosenbaum v. Shoffner, 98 Tenn. 624; Daniels v. Coal & Coke Co., 279 Pa. 47.

Negligence of defendant in not providing a fence or guard along the rear of the transformer was the proximate cause of the injuries: Millum v. Coal Co., 225 Pa. 214; Fegley v. Rubber Co., 231 Pa. 446.

The question of proximate cause was for the jury: Goodman v. Canal Co., 167 Pa. 332; Pittsburgh Forge & Iron Co. v. Contracting Co., 272 Pa. 118; Potter v. Gas Co., 183 Pa. 575; Gudfelder v. Ry. Co., 207 Pa. 629.

*William A. Challener,* for appellee.—It was the duty of the court in this case to determine the question of proximate cause and it was correctly determined in favor of defendant: Hunter v. Wanamaker, 17 W. N. C. 232; Elliott v. Light Co., 204 Pa. 568; Hoke v. Light & Power Co., 284 Pa. 112; Daniels v. Coal Co., 279 Pa. 47.

This accident was not the natural and probable consequence of defendant's alleged negligence in failing to fence the rear side of the transformer yard: South Side Pass. Ry. v. Trich, 117 Pa. 390.

The doctrine of the duty to anticipate childish acts must be kept within reasonable bounds: O'Gara v. Electric Co., 244 Pa. 156; Thompson v. R. R., 218 Pa. 444.

OPINION BY MR. JUSTICE WALLING, April 16, 1928:

At Edgecliff, where the Allegheny River, flowing southerly, forms the western boundary of Westmoreland County, the George E. Boyd Coal Company was conducting a mining operation. The coal tipple and entrance to the mine were located back of and on higher ground than the Allegheny Valley Railroad. Behind the coal tipple, the ground rises in a precipitous bank, covered with shrubs, vines and rocks. The defendant, in placing a transformer near the tipple to supply power to the coal company, cut away the bank leaving in the rear a practically perpendicular ledge of rocks some five or six feet high, above which the bank rose steep for some distance. As the wires were of high voltage, the three exposed sides of the transformer were protected by a picket fence, or paling six to eight feet in height. The coal company had nine hundred feet of river frontage, back of which and extending for miles in each direction was this high bank traversed more or less by pedestrians and referred to by some witnesses as a playground, although having none of the usual attractions and facilities of such a place. Whatever may have been done on other parts of the hillside, the steep bank at the place in question could not have been used as a playground and the boys here involved did not approach it for that purpose. There were no roads or paths leading up this bank and so far as appears defendant had no knowledge that people frequented it. There was but one house on the Boyd property and it was located four hundred and seventy-five feet from the tipple. The plaintiff, Mrs. Eliza Kosson, a widow, and her family occupied this house as tenants. On Sunday afternoon, August 26, 1923, her three sons, aged respectively fifteen, thirteen and eleven years, walked from their home down the railroad track to about one hundred feet below the tipple, where they climbed the bank and picked thimble berries as they moved along the side of the hill. When opposite the transformer and about fifteen feet above it

they all stepped on a flat stone which titled under their combined weight and they fell down the bank into the transformer. Coming in contact with live wires, the eldest son was killed and the youngest permanently crippled. This suit to recover for the damages thereby sustained resulted in verdicts for the mother and the youngest son; from judgments entered for the defendant non obstante veredicto plaintiffs brought these appeals.

Deplorable as was this sad tragedy, the conclusion of the trial court was inevitable. The boys went on the bank for berries and we place no blame upon them; but, on the other hand, nothing appears to charge the defendant with negligence. The transformer was protected by a high fence on three sides and by a ledge of rocks and precipitous bank on the other. The boys did not reach the transformer from the side but by falling from above. The bank was so rugged and inaccessibly steep that the possibility of any one climbing up there and falling into the transformer was beyond human foresight. Such an occurrence could not reasonably have been foreseen or guarded against.

The trial court was, therefore, clearly right in holding that the failure to more securely protect the transformer was not the proximate cause of the accident. Parties are bound to guard only against what could reasonably be foreseen; in other words, against probabilities, not against remote possibilities. It is possible some one falling from an airplane might come in contact with a live wire; yet no one would suggest the necessity of guarding against such an occurrence. Mr. Justice KEPHART, speaking for the court, in Rugart v. Keebler-Weyl Baking Co., 277 Pa. 408, 413, says: "Without attempting to define formally what is meant by the term 'proximate cause,' we may safely affirm, in the case of a tort, that, in order to fall within this category, an act must be such as will probably result in harm, and that a cause is regarded in law as remote if an injury

complained of was an unlikely or improbable conse-
quence thereof." In Bruggeman v. City of York, 259
Pa. 94, the same principle is stated thus: "The injury
must be the natural and probable consequence of the
negligence; such a consequence as under the circum-
stances might and ought to be foreseen by the wrong-
doer as likely to flow from his acts." This is reaffirmed
in Hoke v. Edison Light & Power Co., 284 Pa. 112, 115,
A like rule is announced in the case of Hoag v. The Lake
Shore and Michigan Southern R. R. Co., 85 Pa. 293;
and see Pittsburgh Southern Ry. Co. v. Taylor, 104 Pa.
306; P. R. R. Co. v. Hope, 80 Pa. 373. In another sense
the failure to more securely guard the transformer was
not the proximate cause of the accident, but it was the
slipping or tilting of the flat stone under the weight of
the boys which threw them down the bank and onto the
wires. The lack of a guard was at most only a remote
condition. The tilting of the stone, with which defend-
ant was in no manner connected, was an independent
intervening cause. Except for that the accident would
never have occurred. Hence, under the law, this must
be treated as its efficient cause. Had the fall resulted
from lack of a fence, a different question would be pre-
sented. "A proximate cause is one which, in actual se-
quence, undisturbed by any independent cause, produces
the result complained of. A prior and remote cause can-
not be made the basis of an action if such remote cause
did nothing more than furnish the condition or give rise
to the occasion by which the injury was made possible
if there intervened between such prior or remote cause
and the injury a distinct, successive, unrelated and effi-
cient cause of the injury": Bruggeman v. City of
York, supra. The case just cited holds the proximate
cause of the injury was not mud in the street, but the
wire coil which caused it to fly in plaintiff's eye; Dan-
nels v. Hilman Coal & Coke Co., 279 Pa. 47, holds the
proximate cause of the injury was plaintiff's slipping
and not the starting of the machinery; Hoke v. Edison

Light & Power Co., supra, and Elliott v. Allegheny Co., 204 Pa. 568, hold that where a workman in falling from a ladder sustains injury by grabbing an exposed electric wire, the fall and not the exposed wire was the proximate cause of the injury; Pass. Ry. Co. v. Trich, 117 Pa. 390, holds that where a person thrown from a passenger car was hurt in the street by a runaway team, the latter was the proximate cause of the injury. The rule thus illustrated is controlling, and where, as here, the facts are not in dispute, it is the duty of the court to declare the law: Hoke v. Edison Light & Power Co., supra; Philpott v. R. R., 175 Pa. 570, 575.

The judgment is affirmed.