## Schaut *v.* St. Marys' Borough et al., Appellants.

Argued March 13, 1940.

Before Keller, P. J., Cun-
ningham, Baldrige, Parker, Rhodes and Hirt, JJ.

*Edward T. Kelley,* for appellant, No. 32.

*T. G. Gregory,* for appellant, No. 31, submitted a brief.

*A. J. Straub,* of *Straub, Blatt & Sorg,* for appellee.

Opinion by Hirt, J., July 23, 1940:

In this action in trespass brought by plaintiff against the ,Borough of St. Marys, for personal injuries, The St. Marys Trust Company, as trustee, was brought in on scire facias as an additional defendant. The trial resulted in a verdict for $1,000 for plaintiff against the borough and for the borough over, against the additional defendant. (*Baxter v. Homestead Boro.,* 120 Pa. Superior Ct. 182, 182 A. 68). Defendants' negligence and plaintiff's contributory negligence are the questions involved.

Before midnight on December 24, 1936, plaintiff was walking westwardly on the paved sidewalk along the

north side of Center Street in the Borough of St. Marys
on his way to a nearby church to attend a midnight
mass. The walks and streets throughout the borough
were in a general slippery condition and as plaintiff
passed the east end of the property owned by the additional defendant, walking near the center line of the
sidewalk, he slipped on the icy pavement and fell prone
to the plot between the sidewalk and the curb. Within 4 inches from the sidewalk, on this plot, there were
a series of iron stakes driven into the ground, from one
foot to sixteen inches high. The stakes were cut from
angle iron with flanges about an inch wide and the top
surface was L-shaped with a sharp surface where the
two flanges met to form the angle. In slipping, plaintiff lost his balance and fell upon one of these stakes.
The force of the fall of his body upon the top of the
stake tore the wall of his abdomen causing a traumatic
ventral hernia. The stone sidewalk was six feet wide,
and between the sidewalk and the curb there was a
plot of ground 18 feet wide; both were within the
limits of Center Street as laid out by the borough. The
plot between the curb and the sidewalk was maintained
by the abutting property owners and in the spring of
1936 the land in front of the Trust Companys' property, from the sidewalk to the curb, had been seeded and
the stakes placed along the walk to discourage pedestrians from walking on the grass. There was no wire,
rope or chain connecting the stakes. The night was
dark and the nearest street light was about 200 feet
away. Plaintiff was familiar with the neighborhood
and had observed the stakes on former occasions but
at the time of his injury he gave no thought to them
and did not see them.

The Trust Company, the owner of the property, is
chargeable with actual knowledge and the Borough with
constructive notice of the existence of the stakes.

No liability was created by the slippery condition of

the sidewalk because that condition was general throughout the borough. *Whitton v. H. A. Gable Co.,* 331 Pa. 429, 200 A. 644. But negligence may be predicated upon the placing of the stakes along the sidewalk or the failure of defendants to remove them if it reasonably should have been foreseen that they would be a source of injury to users of the pavement. The rule is: " 'Liability for negligence depends on antecedent probability, not the mere possibility, of harmful results therefrom. The general test of liability is whether the injury could be foreseen by an ordinarily intelligent person as the natural and probable outcome of the act complained of; ......' See *Bruggeman v. City of York,* 259 Pa. 94; *Rugart v. Keebler-Weyl Bak. Co.,* 277 Pa. 408; *Kosson v. West Penn Power Co.,* 293 Pa. 131; Restatement, Torts, Sections 284, 289, 290 and 291": *Jacob v. Philadelphia,* 333 Pa. 584, 5 A. 2d 176. "A possessor of land who creates or maintains thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact therewith while traveling with reasonable care upon the highway, is subject to liability for bodily harm thereby caused to them": Restatement, Torts, §368.

The duties imposed upon the municipality and the property owner have been discussed in the recent case of *Schramm et ux. v. Pittsburgh,* 337 Pa. 65, 9 A. 2d 373, as follows: "The right of the municipality to set aside portions of the streets or sidewalks for grass plots is unquestioned: *Martin v. Williamsport,* 208 Pa. 590, 593; *Pa. Mutual Life Ins. Co. v. Philadelphia,* 242 Pa. 47, 56; *Penna. Mutual Life Ins. Co. v. Cuyler,* 283 Pa. 422, 428; *Dress v. Harrisburg,* 287 Pa. 157, 161. These plots must be so maintained that they will not present an unreasonable risk of harm to pedestrians. Neither the municipality nor the abutting owner should be per-

mitted to ignore the possibility that passersby may deviate from the improved sidewalk onto the unpaved section, and there is therefore a duty to guard against hazardous conditions that may reasonably be expected to lead to injury. See *Emery v. Philadelphia,* 208 Pa. 492, 498. It is obvious, however, that the duty with regard to the maintenance of grass plots is quite different from that imposed with regard to the traveled portions of the street or sidewalk. No liability can arise from the uses and conditions which are customary and permissible in such areas, even though they may involve some slight element of danger. See *Hagerstown v. Hertzler,* 167 Md. 518, 521."

From an application of these well established principles, it follows that it was for the jury to say whether the defendants should have foreseen that the stakes, of a kind not ordinarily used for the purpose and set close to the sidewalk, probably would be a source of injury to users of the sidewalk. Under all the circumstances the jury were justified in finding defendants guilty of negligence in that the probable danger of injury outweighed the useful purpose of the stakes. *Guinter v. Williamsport,* 208 Pa. 587, 57 A. 1064 is distinguished from the instant case by its facts. There, the grass plot was protected by a wire guard on posts about fifteen inches above the ground. A pedestrian in broad daylight in stepping from the sidewalk fell over the wire and was injured. The decision goes no farther than to hold that the city was not chargeable with negligence per se. In *Kelly v. Bennett,* 132 Pa. 218, 19 A. 69, the plaintiff slipped and fell and was injured when, in reaching out his hand it came in contact with a spear pointed railing about an areaway. The railing was four feet high and was so constructed as to prevent pedestrians from falling into the areaway and to discourage children from climbing over it. The railing was held to be a lawful structure. *Jacob v. Phila-*

*delphia,* supra, is not a parallel case. Upon its facts it was held that injury reasonably could not have been foreseen from the iron doors left open at the entrance to a basement.

The question of plaintiff's contributory negligence is to be determined by the peculiar circumstances of the case, (*Penna. R. R. Co. v. Kilgore,* 32 Pa. 292,) and cannot be treated as one of law unless the facts and inferences are free from doubt. If there is doubt as to either, the case is for the jury. *Coolbroth v. Penna. R. R. Co.,* 209 Pa. 433, 58 A. 808. Plaintiff knew of the existence of the stakes and that there was a sidewalk along the south side of the street which he might have used. But a person is not necessarily guilty of negligence because he does not take the safer of a choice of ways unless the danger is so clear and apparent that an ordinarily prudent person would regard it as dangerous. *Graham v. Reynoldsville Boro.,* 132 Pa. Superior Ct. 296, 200 A. 681; *Musselman v. Hatfield Borough,* 202 Pa. 489, 52 A. 15. The burden of proof is on the defendant unless the evidence adduced by plaintiff clearly discloses contributory negligence. *Hogan v. West Mahanoy Twp.,* 174 Pa. 352, 34 A. 563.

Plaintiff testified that though he was aware of the stakes he didn't think anything about them at the time because his thoughts were on the church he was about to attend. To the question: "You didn't see them just before you fell?" he replied: "No sir, I did not." Plaintiff is not necessarily charged with contributory negligence because of his previous knowledge of the location of the stake which caused his injury. In the Musselman case, the plaintiff with a choice of ways, knew of the defect in the sidewalk which caused her injury but did not see it because of the darkness. Whether she exercised reasonable care under the circumstances was held to be a question for the jury. In *Mellor v. Bridgeport,* 191 Pa. 562, 43 A. 365, the plain-

tiff drove his horse onto a street along which there was an unguarded embankment. Plaintiff knew of the embankment and that it was unguarded and had a choice of ways but was not denied recovery when his horse became frightened by the headlights of a locomotive and backed over the embankment.

The plaintiff in the instant case was walking near the center line of the pavement about three feet from the stakes. His mind was on the mass he was about to attend. Whether he was exercising due care for his safety, under the circumstances, or whether in the darkness he should have seen the stakes, appreciated their danger and so conducted himself as to avoid injury were questions not free from doubt and were therefore, for the jury.

Judgments affirmed.