548

## Hosack, Appellant, v. V.F.W. Club No. 2145, Inc.

Argued October 2, 1964. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*H. Ray Pope, Jr.,* for appellant.

*Chester H. Byerly,* for appellee.

Opinion by Mr. Justice Musmanno, November 10, 1964:

In *Polm v. Hession,* 363 Pa. 494, 496, this Court said, quoting from *Dively v. Penn-Pittsburgh Corporation,* 332 Pa. 65, that there are cases where "there is some fairly compelling reason for walking in a place which, though dark, is not utterly devoid of light. Under such circumstances, contributory negligence will not be declared as a matter of law."

In the case at bar, the plaintiff moved from the club, where he had spent the evening, to the place where his car was parked, over a route which was dark. The darkness, however, was not so complete and not so enveloping that he advanced as a blind man. There was evidence that there were lights in the area which shed some partial illumination over his course of travel. Whether that illumination was adequate to guide him under the particular circumstances was a question of fact for the jury. The court below decided the issue as one of black and white and non-suited the plaintiff on the basis that he was guilty of contributory negligence as a matter of law. The record would establish that there were some gradations of gray in the picture. Under the circumstances portrayed by the record it thus became a question for the jury to determine whether the plaintiff was injured because of an improvident and unthinking advance into the unknown or whether he moved as a reasonably cautious man and fell to his injury as a result of negligence on the part of the defendant in the maintenance of its premises.

Judgment reversed with a venire facias de novo.

Mr. Justice ROBERTS dissents.