Jerry **SHEETS**, Appellant,

v.

Mrs. Bess Remine **BURLESON**, Trustee
d/b/a Remine Memorial Company, Appellee.

Supreme Court of Tennessee.

Dec. 18, 1972.

Shelby W. Smoot, Smoot & Hawkins, Kingsport, for appellant.

James A. Weller, Epps, Powell, Weller, Miller & Epps, Johnson City, for appellee.

OPINION

DYER, Chief Justice.

The appellant appeals from the action of the trial judge in dismissing his complaint upon the motion that the complaint fails to state a cause of action. In this opinion the parties will be referred to as was their status in the trial court; that is, Jerry Sheets as plaintiff, and Mrs. Bess Remine Burleson, Trustee, as defendant.

Defendant maintained a metal-type fence with sharp spear-like ends on its property adjacent to the public sidewalk. Plaintiff was walking on the sidewalk adjacent to defendant's fence at a time when the sidewalk was slippery due to snow and ice. Plaintiff slipped on this sidewalk, causing him to lose his balance and in doing so instinctively reached out for support, causing his hand to come in contact with one of the spear-like pickets of the defendant's fence resulting in injuries to his hand.

The complaint alleged:

. . . the defendant was negligent in maintaining or permitting such a hazard to exist in such proximity to the traveling public; that said fence constituted an extreme hazard and a trap for such people as the plaintiff lawfully using the public sidewalk.

It should be noted that there are no allegations that the fence as constructed was other than a lawful structure, nor is it alleged that the fence was defective or an obstruction to persons using the sidewalk.

No Tennessee cases have been cited, nor by research have we found any analogous to the facts alleged in the complaint.

In Kelly v. Bennett, 132 Pa. 218, 19 A. 69 (1890), the facts were very similar to the case at bar and in the *Kelly* opinion the court said:

The defendant below is the owner of a dwelling-house at the north-east corner of Spruce and Quince Streets, in the city of Philadelphia. In front of his house, on Spruce street, there was an iron railing about four feet high, to protect an area-way, and perhaps the front of the house. The railing was pointed at the top, of the arrow-head pattern. The plaintiff, while walking along the pavement on the afternoon of January 25, 1888, slipped by reason of the snow or ice, or both, and in falling put out his hand, which came in contact with one of the points of the railing, and was lacerated. For this injury he recovered a verdict of $732 in the court below.

The defendant was not shown to have been negligent in any respect. The railing was a lawful structure. The defendant had a right to protect his area in that manner. Had he not done so, and some one had fallen therein and been injured, there would have been more reason in charging him with negligence. It is said, however, that it should have been constructed without points. This is not so clear. The points are useful in preventing mischievous boys from climbing over it. What reason had the defendant to anticipate that the plaintiff would slip and fall precisely at that spot, and that in doing so, he would reach out his hand and strike the railing? And, if he had not such reason, the railing cannot be regarded, under our cases, as the proximate cause of the injury. It will not do to say that the mere fact of the injury is evidence of negligence on the part of defendant. Had there been no railing there, the plaintiff might have fallen with his head against the sharp edge of the step, and received a far worse injury; and if he may recover in the one case, why not in the other? It will not do to hold that, when a man slips upon an icy pavement, the owner of the pavement, or the fence, or the steps upon which he falls, must compensate him for any injury he may receive. Few men would be willing to own property under such conditions. This plaintiff has no case, and we will not dignify it by a further discussion.

In the case of Noyes v. Carr, 228 Mass. 339, 117 N.E. 350 (1917), the facts were very similar to the case at bar, and the court reached the same conclusion as the court in Kelly v. Bennett, *supra.*

Under the facts of the case at bar, we adopt the reasoning of Kelly v. Bennett, *supra.*

The judgment of the lower court is affirmed.

CHATTIN, HUMPHREYS and McCANLESS, JJ., and WILSON, Sp. J., concur.