## Ciarimboli v. Walworth Company

*Thomas J. Godlewski,* for plaintiff.
*Costello, Smith, Best & Horn,* for defendant.

McCORMICK, J., June 15, 1973.—In the early morning hours of October 27, 1970, a young lady was walking on a well-defined but unimproved walkway adjacent to the easterly side of Route 119 and alongside of the defendant Walworth Company plant. She was proceeding north and had walked the full length of the building when she came to an abutment of a bridge which had been erected by the Pennsylvania Department of Highways across a stream. She chose the route to the right of the bridge abutment rather than venturing out onto the highway and plunged into the stream some 10 feet below. Though seriously injured, she managed to crawl downstream to a point where she could climb out and made her way to the

Walworth Company plant building where medical aid was summoned; hence, this law suit. Trial was held with Judge Richard E. McCormick presiding; the jury returned a verdict in favor of plaintiff, Carol Ciarimboli, and against defendant Walworth Company in the amount of $20,000.

Defendant has filed motions for judgment n.o.v. and a new trial, contending that there was no liability on the part of Walworth Company because the Pennsylvania Department of Highways had condemned defendant's land up to its building, which area included the walkway, thereby relieving defendant of any legal obligation as to the said land. Defendant further contends that plaintiff was guilty of contributory negligence as a matter of law by her actions. And lastly, that the trial judge committed reversible error in refusing certain points for charge submitted by defendant and affirming certain points for charge by plaintiff which, in effect, permitted the jury to make a determination as to the law as well as to the facts.

The issues involved in this appeal are twofold; namely, (1) should defendant's motion for binding instructions and a motion for judgment notwithstanding the verdict be granted; (2) was plaintiff guilty of contributory negligence as a matter of law?

In regard to the first issue, plaintiff takes the position of relying on section 342 of the Restatement, 2d, Torts, as authority for the imposition of liability; that defendant still retained ownership of the land in question despite the condemnation; and that the jury was properly instructed as to its duties in the face of the law and the facts of the case. Defendant's negligence as alleged by plaintiff was that defendant Walworth Company permitted a dangerous condi-

tion to remain on its land without taking the necessary precautions to warn plaintiff, a licensee, of the dangerous condition or to take other precautions for her safety.

At the trial of this case, David Watkins, a registered engineer, was called to testify and as part of his testimony a plan of the site was introduced reflecting that the right-of-way line of the Pennsylvania Department of Highways condemnation was flush with the face of defendant's building. There was further testimony by the maintenance superintendent of the Walworth Company, who testified, that the bridge abutment and the area of the wing walk of the abutment over which plaintiff fell was put in and built by the Highway Department.

Counsel for defendant at the conclusion of plaintiff's case asked for a nonsuit and made a request for binding instructions on the basis that defendant Walworth Company did not own the property in question and owed no duty to plaintiff to protect her by warning or otherwise, since the accident happened as a result of a condition created by the Highway Department and the accident occurred on highway property. Both motions were refused and instead the court charged the jury under section 342 of the Restatement, 2d, Torts, that defendant Walworth Company still owned the land within the condemnation and that plaintiff Carol Ciarimboli was a gratuitous licensee to Walworth Company and one who was there with express or implied consent of the landowner. The court further charged that as to plaintiff, Carol Ciarimboli, if the landowner did not warn of a dangerous condition, then it would be negligent.

The Restatement of Torts, §342, states the following:

"A possessor of land is subject to liability for bodily harm caused to a gratuitous licensee by natural or articifical conditions thereon, if, but only if, he (a) knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and (b) invites or permits them to enter or remain upon the land, without exercising reasonable care (i) to make the condition reasonably safe, or (ii) to warn them of the condition and the risk involved therein."

The Restatement of the Law of Torts as stated above has been adopted in Pennsylvania and is set out more fully in the case of Slobodzian v. Beighley, 401 Pa. 520, 164 A. 2d 923.

The salient issue to be decided by this court is whether defendant Walworth Company was a possessor of land in light of the condemnation and within the purview of the Restatement of the Law of Torts and the Slobodzian case. It would appear to this court that the law in Pennsylvania has been established that the owner of fee prior to the time of the highway condemnation owns the land over which the roadway is laid, and retains the ownership of that land subject to the right of the public to use the highway, and that fee ownership of the soil over which an easement for a highway is located is still owned by the original owner, and further that the original owner has the right to make limited use of it so long as he does not interfere with the highway itself. Defendant, on the other hand, argues that a condemnation by the State Highway Department takes away the complete ownership from the abutting property owner. Defendant relies on the Sproul Act of May 31, 1911, P. L. 468, as amended, 36 PS § 1089, which provides that the highway in question should be constructed, improved and maintained by

the State Highway Department at the sole expense of the Commonwealth and that it was under the exclusive jurisdiction of the Highway Department. Defendant contends that the effect of the Sproul Act was to relieve any municipality or adjoining owner from a duty or liability for damages as a result of maintenance of the subject highway or any unused portions of land condemned.

This court is of the opinion that the Sproul Act relates solely to the construction and maintenance of that portion of the land taken specifically for highway purposes. The Sproul Act had no effect on the ownership of the property abutting the State highway. Under the facts of this case, it seems apparent that defendant Walworth Company was the possessor of the property between the building and the highway which includes that property not in the area of the roadway itself. It is, of course, in this area where this accident took place leading to the injury sustained by plaintiff. Under the facts and law attendant to this lawsuit defendant Walworth Company was the possessor of the land in question and defendant knew of the dangerous condition or should have known of the dangerous condition. Defendant failed to make the condition reasonably safe or to warn users of the risk involved as it is required to do under the law.

There was an abundance of testimony from which the jury could conclude, and which it did, that defendant had such knowledge of the condition; that the path had been used by the pedestrian public for years (inviting or permitting); and did not make it safe or warn (the inoperative light fixtures at that precise location and lack of barricades).

Much importance has been attached by both lawyers in their briefs as to the precise relationship defendant had to the land after the condemnation. All of the law

contributed by both sides is convincing that acquisition of an easement by condemnation does not deprive the original owner of his fee simple: William Laubuch & Sons v. Easton, 347 Pa. 542; Schaut v. St. Mary's Borough, 141 Pa. Superior Ct. 388. The crux of the matter is that the use of the condemned property by the highway department ended at the curb line of the highway. Defendant seems to assert that plaintiff's accident occurred in a sort of "No Man's Land" inasmuch as the Commonwealth asserted no dominion over it nor did defendant. This would result in grave injustice. Under the rules enunciated by section 342 of the Restatement of Torts, if defendant had a duty, there was testimony from which the jury could find a breach of that duty.

The next issue to be ruled upon is defendant's assertion that plaintiff was contributorily negligent as a matter of law. It is true, as maintained by defendant, that the law of Pennsylvania with regard to an injured party wandering around in the dark forbids recovery. But the cases cited by defendant, in his brief, are not similar in fact to control the case at hand. Defendant cites the cases of Bailey v. Alexander Realty Company, 342 Pa. 362, and Allison v. Snelling & Snelling, Inc., 425 Pa. 519, as authority for finding defendant negligent as a matter of law. Both of these cases were accidents involving elevator shafts and can be distinguished from this case. From plaintiff's testimony, the jury had the option of deciding whether or not there was some necessity and light by which this case could be removed from the general rule as stated above and made an exception. That exception is, of course, where plaintiff has a necessity for being where he is and the place is not utterly devoid of lights: Slobodzian v. Beighley, 401 Pa. 20; Falen v. Monessen Amusement Company, 363 Pa. 168.

"The question of plaintiff's contributory negligence

was undoubtedly for the jury. There is a multitude of cases of this type to be found in the reports, but they necessarily depend largely upon their individual facts. However, analysis would seem to justify their classification into two groups. There are those in which a person wanders around in a place absolutely dark and where, though not a trespasser, there is no reasonable necessity for his presence. . . . There are other cases where there is some fairly compelling reason for walking in a place which, though dark, is not utterly devoid of light."

As to the question of what is "reasonable necessity" the courts have stated in analyzing this that plaintiff must be given the benefit of any reasonable inference. See Murphy v. Bernheim & Sons, Inc., 327 Pa. 285, 194 Atl. 194, as was the situation in this case. Reasonable necessity has been found to be present when someone is returning to his car: Hosack v. V.F.W. Club, 415 Pa. 548, 204 A. 2d 462.

In the case at hand, there was some light. Plaintiff could see the cement abutment, the building, the used car lot across the street, defendant's building, the path and the path leading to the right of the easement. She believed she saw the path lead behind the abutment. When the accident is caused by the reliance on the sense of sight, that the path led to the right, the question is for the jury.

It has long been the rule of our courts that this issue of contributory negligence is a matter to be determined and decided by the jury. The jury in this case was adequately charged as to the law defining contributory negligence and whether it applied to the facts of this case. The jury in their deliberation resolved that plaintiff, under the circumstances, was not guilty of contributory negligence. This court will not interfere with the jury's reason relating to this matter.

Finally, we will pass on defendant's proposition of

its right to a new trial by reason or error in the trial judge's charge. The court, in charging the jury that the effect of the condemnation was to obtain an easement for the traveling public and defendant still retained title in fee and could use it so long as it did not interfere with said easement, was correct. The matter which, by the court's instructions, was left for the jury to decide in this particular area was, what was defendant's obligation to others if it did have ownership subject to an easement? Further, telling the jury, in affirming plaintiff's third point for charge, that the bed of the stream into which plaintiff fell belonged to defendant was an accurate recital of the facts and did no harm to defendant's case. Additionally, informing the jury, in affirming plaintiff's eighth point for charge, that a sidewalk does not have to be of boards or paved is correct. But to add to that, as defendant contends should have been done, that if the sidewalk was within the right-of-way, condemned by the Highway Department, then Walworth Company would have no duty with respect to plaintiff would, in fact, be taking the case away from the jury, in view of the fact that the highway itself did not include the sidewalk or "walkway" even though the path was within the condemned area.

This court is of the opinion that the case was fairly tried and fairly submitted to the jury under the pertinent law of Pennsylvania and that the verdict of the jury should stand.

## DECREE

And now, to wit, June 15, 1973, defendant's motion for judgment n.o.v. and motion for new trial are hereby refused.