

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-2-2002

# Main Street Bank v. Huether

Precedential or Non-Precedential:

Docket No. 00-3494

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Main Street Bank v. Huether" (2002). *2002 Decisions.* Paper 236.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/236

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 00-3494


MAIN STREET BANK, as Administrator of the
Estate of Shakunthala N. Gubbi;
G. SADASHIVARAD NAGARAJU, As Guardian Ad Litem
of the Estate of Shakunthala N. Gubbi, an incompetent


v.


MARY A. HUETHER, Executrix of the Estate of
Harry C. Huether, Deceased, and individually;
CHARLES J. HUETHER; PATRICIA M. HUETHER;
PINEBROOK, LTD.; PINEBROOK II; PINEBROOK III;
PINEBROOK IV; PINEBROOK IV HOMEOWNERS ASSOCIATION;
PINEBROOK RESIDENCE, LTD.; COUNTRY HILL HOMES;
TOWNSHIP OF WEST BRUNSWICK; GUBBI N. RANGANATH, M.D.


MAIN STREET BANK, as Administrator of the Estate
of Shakunthala N. Gubbi,

Appellant


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 98-cv-00837)
District Judge:  Hon. Yvette Kane


Submitted Under Third Circuit LAR 34.1(a)
April 1, 2002

Before:  SLOVITER, FUENTES, and MICHEL,* Circuit Judges

_____


*    Hon. Paul R. Michel, United States Circuit Judge for the Federal Circuit, sitting
by designation.                    (Filed:  April 2, 2002)



OPINION OF THE COURT


SLOVITER, Circuit Judge.

Before us is the appeal by Main Street Bank ("Bank"), the administrator of the
estate of Shakunthala N. Gubbi ("Gubbi"), from the District Court's order granting
Summary Judgment dismissing the Bank's suit against the defendant, Pinebrook
Residence, Ltd. ("Pinebrook").
Pinebrook owns and operates a personal care facility within the Pinebrook
Development in West Brunswick Township.  Immediately adjacent to the personal care
facility is a large, unguarded pond.  The Bank's negligence claim against Pinebrook
arises out of its ownership and maintenance of this pond.
                    I.
Gubbi, a thirty-four year old computer programmer from Bangalore, India, arrived

in the United States on January 16, 1998, to stay with her brother, Gubbi Ranganath ("Dr. Ranganath"), and find work as a computer programer. Gubbi applied for and subsequently received a driver's license permit on February 28, 1998. Prior to receiving her permit, Gubbi had never received any driving instruction nor operated a car.

On March 1, 1998, Dr. Ranganath provided a driving lesson to Gubbi. Gubbi was operating a 1988 Honda owned by the Ranganath family when she traveled along Woodbridge Road passing Pinebrook's personal care facility and the pond in question on her left. She then turned right on Grist Mill Road and proceeded some distance before turning around to travel back to the intersection of Grist Mill and Woodbridge Roads.

Gubbi lost control of the vehicle as she attempted a left turn onto Woodbridge Road. The vehicle left the roadway, struck a small tree, and landed in the pond where it sank. There is some dispute as to the distance of the pond from the roadway and the number of feet it traveled but they are not material to our disposition. Gubbi was extricated from the vehicle in a comatose condition. After months of hospital and rehabilitative care, she was returned to India, where she died on December 16, 1998.

The police report of the accident states that Trooper Luckenbill interviewed Dr. Ranganath at the scene. Dr. Ranganath stated that when Gubbi negotiated the left turn, she hit the gas instead of the brake and then hit a tree before entering the pond. The Bank filed suit in the District Court for the Middle District of Pennsylvania against numerous defendants but Pinebrook is the only remaining defendant.

On September 15, 1999, Pinebrook filed a motion for summary judgment, which the District Court referred to a Magistrate Judge. The Magistrate Judge issued a report and recommendation recommending that summary judgment be granted. The District Court adopted that recommendation and entered summary judgment in favor of Pinebrook.

We review the District Court's grant of summary judgment de novo. Huang v. BP Amoco Corp., 271 F.3d 560, 564 (3d Cir. 2001).

                                        II.

Plaintiff's claim of negligence is predicated on Restatement (Second) of Torts 368 which provides:

> A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who
> > (a) are traveling on the highway, or
> > (b) foreseeably deviate from it in the ordinary course
> of travel.

The Pennsylvania courts "give full recognition to the principle" of Restatement 368. Rasmus v. Pennsylvania R.R. Co., 67 A.2d 660, 661 (Pa. Super. Ct. 1941); see also Schaut v. Borough of St. Marys, 14 A.2d 583 (Pa. Super. Ct. 1940) (affirming verdict for plaintiff who sustained injury upon falling off a slippery sidewalk and landing on a series of iron stakes placed within four inches of the sidewalk).

Pinebrook argues that the pond is not "so near an existing highway" that 368 applies. As noted earlier, the parties dispute the distance of Pinebrook's pond from the highway. We will not dwell on that issue because, although the Magistrate Judge did state that this case "points up the need for there to be a condition 'so near an existing highway so as to render the use of the roadway unsafe,'" App. at 385a, the court relied on other factors to dismiss the complaint.

Dispositive for the court was the requirement under 368 that Gubbi was not traveling with reasonable care upon the highway. As the Magistrate Judge explained.

> As can be seen from the foregoing, although there is a dispute as to whether or not the car was airborne when it entered the pond, the evidence is clear that at the very least, Shakunthala with absolutely no driving experience was traveling at a speed in excess of that which was required to make a turn into Woodbridge Drive, lost control of the car,

left the roadway and accelerated into the pond without braking. The scenario established by the evidence is that Shakunthala who was driving a moving automobile for only the first time and then for only two to three minutes began her turn from Grist Mill Road in to Woodbridge Road at a speed greater than was proper for a left turn into Woodbridge Road, lost control of the vehicle and continued to accelerate without braking as she traveled more than 32 feet where she entered the pond. This certainly is not consistent with one who is traveling with "reasonable care upon the highway." Restatement Section 368. There does not appear to be any evidence to the contrary and thus it does not appear that a jury could reasonably find that Shakunthala was traveling along the roadway with reasonable care.

App. at 383a.

The court also determined that   368 was not applicable to this case because the pond did not create a foreseeable risk of danger for travelers on the highway. After reviewing the Pennsylvania case law, the court stated:

Similarly, in the instant case, it does not appear that the jury could reasonably find that the defendant realized or should realize that the pond located 32 feet from the roadway where the car entered the pond would present a hazard or that in any event should have foreseen the remote possibility of a novice driver (2-3 minutes behind the wheel), traveling at a speed which would prevent her from executing a safe left turn, losing control and accelerating across the grass and into the pond without even attempting to brake.

App. at 385a.

We agree with the Magistrate Judge's conclusion that "both from the standpoints of whether this pond presented a hazard, foreseeability and lack of due care by the deceased, it would not appear that a reasonabl[e] jury could find the defendant liable pursuant to the provisions of Restatement Section 368."

III.

Accordingly, we will affirm the order of the District Court granting summary judgment for Pinebrook.

_____

TO THE CLERK:

Please file the foregoing opinion.


s/s Dolores K. Sloviter
Circuit Judge